Plaintiff's Name Michael LeNoir Smith

CDCR No. P-64019

Address Mule Creek State Prison

4001 Highway 104

Ione, CA. 95640

FILED

Nov 08, 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LeNOIR SMITH

(Name of Plaintiff)

2:18-cv-2942 AC (PC)

(Case Number)

VS.

CALIFORNIA DEPARTMENT

OF CORRECTIONS AND

REHABILITATIONS et.al.,

(Names of all Defendants)

CIVIL RIGHTS COMPLAINT UNDER:

☒ 42 U.S.C. 1983 (State Prisoner)

*DEMAND TRIAL BY JURY

I. Previous Lawsuits (list all other previous or pending lawsuits on additional page):

A. Have you brought any other lawsuits while a prisoner? Yes ✓ No ____

B. If your answer to A is yes, how many? _____

Describe previous or pending lawsuits in the space below. (If more than one, attach additional page to continue outlining all lawsuits in same format.)

1. Parties to this previous lawsuit:

Plaintiff Michael LeNoir Smith

Defendants Lou Blanas et.al.,

2. Court (if Federal Court, give name of District; if State Court, give name of County)

EASTERN DISTRICT OF CALIFORNIA

3. Docket Number UNKNOWN          4. Assigned Judge UNKNOWN

CONT. 1  PREVIOUS LAWSUITS

PLAINTIFF: Michael LeNoir Smith

DEFENDANTS: GREEN

COURT : EASTERN DISTRICT COURT

DOCKET : UNKNOWN

ASSIGNED JUDGE: unknown

PLAINTIFF : Michael LeNoir Smith

DEFENDANTS: DAVIS et al,

COURT : EASTERN DISTRICT COURT

DOCKET : UNKNOWN

ASSIGNED JUDGE : UNKNOWN

PLAINTIFF : MICHAEL LeNoir Smith

DEFENDANTS: YATES et al.

COURT : EASTERN DISTRICT COURT

DOCKET : 1:07-CV-01547 SRB

16-15528  9TH Cir. Court

ASSIGNED : SUSAN R. BOLTON

ON APPEAL 9TH Circuit

PLAINTIFF : MICHAEL LeNOIR SMITH

DEFENDANT : DARREN ALBEE et al.

COURT: EASTERN DISTRICT COURT

DOCKET 2:15-CV-01598 JAM KJN

ASSIGNED KENDAL J. NEWMAN

SETTLEMENT CONFERENCE 12.12.18

5. Disposition. (Was the case dismissed? Appealed? Is it still pending?)

VOLUNTARILY DISMISSED

6. Filing Date (approx.) _2002_   7. Disposition Date (approx.) _2003_

## II. Exhaustion of Administrative Remedies

NOTICE:  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prior to filing suit, inmates are required to exhaust the available administrative remedy process, Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002), and neither futility nor the unavailability of money damages will excuse the failure to exhaust, Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002).  If the court determines that an inmate failed to exhaust prior to filing suit, the unexhausted claims will be dismissed, without prejudice. Jones, 549 U.S. at 223-24, 127 S.Ct. at 925-26.

A.  Is there an inmate appeal or administrative remedy process available at your institution?

Yes_✓_   No_____

B.  Have you filed an appeal or grievance concerning ALL of the facts contained in this complaint?

Yes_✓_   No_____

C.  Is the process completed?

Yes_✓_        If your answer is yes, briefly explain what happened at each level.

DENIED ON ALL CLAIMS ; GRANTED ON ONE CLAIM

No_____        If your answer is no, explain why not.

## III. Defendants

List each defendant's full name, official position, and place of employment and address in the spaces below.  If you need additional space please provide the same information for any additional defendants on separate sheet of paper.

A. Name _CRANE_ is employed as _CORRECTIONAL OFFICER (C/O)_

Current Address/Place of Employment _HIGH DESERT STATE PRISON (HDSP)_

B. Name _HARRISON_ is employed as _C/O_

Current Address/Place of Employment _HDSP_

C. Name _SUCHOSKI_ is employed as _C/o_

Current Address/Place of Employment _HDSP_

D. Name _BINDER_ is employed as _C/O_

Current Address/Place of Employment _HDSP_

E. Name _MARTINEZ_ is employed as _C/O_

Current Address/Place of Employment _HDSP_

## IV. Causes of Action (You may attach additional pages alleging other causes of action and the facts supporting them if necessary. Must be in same format outlined below.)

Claim 1: The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom from cruel and unusual punishment, etc.):

_1ST, 8TH AND 14TH_

Supporting Facts (Include all facts you consider important to Claim 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 1.):

_PLAINTIFF HAD BEEN RETALIATED AGAINST BY CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS (CDCR) FROM THE YEAR 2002 THROUGH 2018 AND IS ONGOING AND FOR A CHARGE ALLEGED AGAINST PLAINTIFF BY THE SACRAMENTO SHERIFF'S DEPARTMENT (SSD) OF WHICH PLAINTIFF WAS ACQUITTED (CAL. PENAL CODE 664/187) OF A PEACE OFFICER) ON DECEMBER 19, 2002. HOWEVER DEFENDANTS CDCR et al. ENTERED_

*Smith v. CDCR et al.,*            CONT'III DEFENDANTS

NAME   E. ROSE            C/O      HDSP

NAME  J. SWEET            LIEUTENANT   HDSP

NAME  B. HARRINGTON       LIEUTENANT   HDSP

NAME   C. FACKRELL        LIEUTENANT   HDSP

NAME   ALBANICO           CAPTAIN      HDSP

NAME   J. GINDER          CAPTAIN      HDSP

NAME   M. KNEDLER         CAPTAIN      HDSP

NAME   T. FOSS            CHIEF DEPUTY WARDEN  HDSP

NAME   Y. ANAVA           C/O          HDSP

NAME   MAXINE BLACK       C/O     PLEASANT VALLEY STATE PRISON (PVSP)

NAME   SGT. SCOTT         SGT   PVSP

NAME   J.L. SCOTT         LIEUTENANT  PVSP

NAME   J.C. SMITH         LIEUTENANT  PVSP

NAME   L. FLORES          C/O     CORCORAN SATF

NAME   RAMIREZ            C/O   COR SATF

NAME   JONES             LIEUTENANT  COR-SATF

NAME   RUSSEL            LICENSED PSYCHIATRIC TECH  MULE CREEK
                          STATE PRISON (MCSP)

NAME   D. PLUNKETT        SGT, COR-SATF

NAME   RON HOPKINS        C/O   COR-SATF

NAME   PEARCE            LIEUTENANT  COR-SATF

NAME   S. RATHER          CORRECTIONAL COUNSELOR CORCORAN
                          STATE PRISON (CSP)

NAME   BORGES            C/O - CSP

NAME   STINSON           C/O   MULE CREEK STATE PRISON (MCSP)

NAME   FARNSWORTH        CORRECTIONAL COUNSELOR I  MCSP

NAME   THOMAS            CORRECTIONAL COUNSELOR II  MCSP

NAME   L. HIGHTOWER      CORRECTIONAL COUNSELOR I  MCSP

NAME   FELTNER           SGT.  MCSP

NAME   JONES             SGT.  MCSP

THE CHARGE 664/187 OF A PEACE OFFICER, ATTEMPTED TO THROW A SACRAMENTO COUNTY SHERIFF'S DEPUTY OVER THE TIER, FALSELY ANNOTATING IN PLAINTIFF'S ELECTRONIC AND HARD COPY FILES AND OTHER CDCR GENERATED DOCUMENTATION THAT PLAINTIFF WAS FOUND GUILTY OF ATTEMPTED MURDER OF A PEACE OFFICER, WHICH WHEN AND UPON CONSULTING PLAINTIFF'S FILES AS AUTHORIZED BY AND ENCOURAGED BY TITLE 15 CALIFORNIA CODE OF REGULATIONS (CCR) § 3402(a) THE DEFENDANTS SET ABOUT RETALIATING AGAINST PLAINTIFF, SUBJECTING PLAINTIFF TO CRUEL AND UNUSUAL PUNISHMENTS AND A DUE PROCESS VIOLATIONS.

PLAINTIFF, SERVING A 25/LIFE SENTENCE FOR VIOLATION OF CALIFORNIA HEALTH AND SAFETY CODE § 11352(a), A NON-VIOLENT OFFENSE, TOLD CDCR STAFF OVER HIS 14 YEAR PERIOD OF UNINTERRUPTED PRISON CONFINEMENT THAT BECAUSE OF THE WAY THAT THE THE DEFENDANTS WERE MISTREATING HIM THAT HE BELIEVED THAT INCORRECT INFLAMMATORY INFORMATION ABOUT HIM WAS WRONGFULLY RECORDED IN HIS FILES. THE DEFENDANTS DENIED THAT ANY INFORMATION RELATED TO THE 664/187 CHARGE IN PEOPLE v. SMITH CASE NO. 02F03308 WAS IN PLAINTIFF'S FILES. HOWEVER, IN 2015 AND WHILE PLAINTIFF WAS PARTICIPATING IN COURT PROCEEDINGS IN SACRAMENTO SUPERIOR COURT RELATED TO HIS APPLICATION FOR RESENTENCING, PURSUANT TO PROPOSITION 36. AND WHILE REPRESENTED IN PRO-PER. PLAINTIFF RECEIVED A COPY OF HIS CDCR FILES WHICH DIRECTLY STATED THAT PLAINTIFF WAS FOUND GUILTY

over ↗

OF ATTEMPTED MURDER OF A SACRAMENTO COUNTY SHERIFF'S DEPUTY, SAID DOCUMENTATION INDICATING THAT THIS FALSE INFORMATION WAS UPDATED REGULARLY IN PLAINTIFF'S FILES REFLECTING THAT THE CASE WAS AN "ACTIVE" CASE. WAS PROLIFERATED IN VARIOUS DOCUMENTS, THE DEFENDANT'S REFERENCING THE DISPROVEN ALLEGATION AS THOUGH IT WAS A PROVEN ALLEGATION HAVING VERY SERIOUS CONSEQUENCES FOR PLAINTIFF AS FOLLOWS:

THE DEFENDANTS ARE SUED IN THEIR OFFICIAL CAPACITIES AND PLAINTIFF ASSERTS VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS WHILE ACTING UNDER COLOR OF LAW.

THE PLAINTIFF ASSERTS THAT THE ACTS AGAINST HIM ARE TOO NUMEROUS TO BE CONSIDERED ACCIDENTAL AND DIS-CONNECTED.

IN DECEMBER 19. 2001 PLAINTIFF WAS ACQUITTED OF 664 E/187 OF A PEACE OFFICER. SACRAMENTO SHERIFF'S DEPARTMENT (SSD) DEPARTED FROM ITS ROUTINE TRANSFER OF INMATES TO THE DUEL VOCATIONAL INSTITUTION (DVI) RECEPTION CENTER AND TRANSPORTED PLAINTIFF TO DVI THEMSELVES FOR PLAINTIFF'S H&S §11352(a) CONVICTION. THE 664/187 CHARGE OCCURRED WHILE PLAINTIFF WAS IN CUSTODY AT SACRAMENTO COUNTY MAIN JAIL FOR THE H&S 11352(a) ARREST ON NOVEMBER 03. 2000

[ *PLAINTIFF REQUESTS THE COURT TAKE JUDICIAL NOTICE OF
  <u>SMITH V. ALBEE et.al.</u>   2:15-CV-2594 JAM KJN P ]

NEXT PAGE

ON JUNE 2005 CORRECTIONAL OFFICER HARRISON, AT HIGH DESERT STATE PRISON (HDSP) FABRICATED A NARRATIVE IN A CDCR RULES VIOLATION REPORT (RVR) THAT PLAINTIFF THREATENED DEFENDANT C/O HARRISON, STATING THEREIN THAT GIVEN PLAINTIFF'S PAST. HE FELT "THAT" "THE THREAT" WAS "AGAINST HIS FAMILY AND POSSIBLY AGAINST DEFENDANT HARRISON HIMSELF.". THE ALLEGATION INDICATIVE OF THE CODAE/1457 OF A PEACE OFFICER. PLAINTIFF HAD NO VIOLENT CONVICTIONS AT THAT TIME. PLAINTIFF WAS PLACED INTO ADMINISTRATIVE SEGREGATION FOR THREATS AGAINST STAFF. HIS LEGAL AND PERSONAL PROPERTY TAKEN. SAID RVR WAS REDUCED TO DISRESPECTING STAFF AFTER OTHER CUSTODY STAFF PRESENT DURING THE ALLEGED THREAT DID NOT BACK UP DEFENDANT HARRISONS ALLEGATION. PRIOR TO THAT ALLEGATION PLAINTIFF WAS TOLD BY DEFENDANT CRANE TO PACK ALL OF HIS PROPERTY AND THAT HE WOULD BE TRANSFERRED FROM YARD TO YARD TO ENSURE THAT PLAINTIFF RECEIVED NO SOCIAL VISITS PHONE CALLS, COMMISSARY ... BECAUSE PLAINTIFF ATTEMPTED TO KILL A SACRAMENTO SHERIFF'S DEPUTY, PLAINTIFF WAS TRANSFERRED SIX TIMES OVER A FIVE MONTH PERIOD TO FACILITIES AT HDSP THAT WERE ON LOCKDOWN STATUS FOR MAJOR DISRUPTIONS THAT OCCURRED PRIOR TO PLAINTIFF'S ARRIVAL AND ONCE THAT FACILITY WAS BEING RELIEVED OF THAT LOCKDOWN PLAINTIFF WAS TRANSFERRED TO A DIFFERENT FACILITY WHERE INMATES WERE ON LOCKDOWN STATUS. (EACH TRANSFER IN 2005) PLAINTIFF'S WIFE, LUCILLE VENISHA SMITH WAS ARRESTED BY THE SSD FOR GRAND THEFT AUTO AND FOR A VEHICLE (PT CRUISER)

Over ⌐

RENTED IN LOS ANGELES, CALIFORNIA OF WHICH THE WEEKLY
PAYMENTS WAS BEING AUTOMATICALLY DEDUCTED FROM HER PERSONAL
CHECKING ACCOUNT AND THE CAR RENTAL AGENCY NEVER
REPORTED THE RENTED VEHICLE AS BEING A STOLEN VEHICLE.
THE SACRAMENTO DISTRICT ATTORNEY'S OFFICES PROSECUTED PLAINTIFF'S
WIFE VIOLATING CALIFORNIA STATE LAW REQUIRING THAT IF PLAINTIFF'S
WIFE DID IN FACT STEAL A VEHICLE FROM LOS ANGELES THAT SHE
BE EXTRADITED TO LOS ANGELES COUNTY FOR PROSECUTION. (PLAINTIFF
HAD A 42 USC §1983 PENDING IN THE EASTERN DISTRICT COURT)
AS A CONSEQUENCE OF PLAINTIFF'S WIFE'S ARREST PLAINTIFF WAS
DEPRIVED OF SOCIAL VISITS FROM HIS WIFE AT SCMJ AND AT THE
CDCR. DEFENDANT SGT. KNUCKLES AT HDSP TOLD PLAINTIFF
THAT IF PLAINTIFF DISMISSED HIS CIVIL SUITS AGAINST THE SSD
THAT THE SACRAMENTO DISTRICT ATTORNEY WOULD DISMISS THE
(FABRICATED) GRAND THEFT AUTO ALLEGATION AGAINST PLAINTIFF'S
WIFE LUCILLE VENISHA SMITH. PLAINTIFF WAS PROVOKED AND
COERCED TO DISMISS HIS SUITS AND DID. * PLAINTIFF
UNDERSTANDS THAT HE CANNOT SUE ON BEHALF OF HIS WIFE
AND POINTS OUT THESE FACTS TO DEMONSTRATE THAT HDSP
AND SSD HAVE UNITED AGAINST PLAINTIFF IN THE PAST IN
ORDER TO RETALIATE AGAINST PLAINTIFF FOR HIS LEGAL ACTIONS
AGAINST SSD WHICH ACTIONS AGAINST PLAINTIFF'S WIFE DID
PUNISH PLAINTIFF. TOO. FURTHERMORE THE TIMING OF PLAINTIFF'S
WIFE'S APPROVAL TO VISIT PLAINTIFF IN THE CDCR AT HDSP
COINCIDES WITH THE DISMISSAL OF PLAINTIFF'S SUITS AGAINST SSD
PLAINTIFF GRIEVED THE FRAUDULENT RVR BY DEFENDANT HARRISON
BUT NEVER RECEIVED ANY NOTICE OF ITS RECEIPT.
PLAINTIFF SUFFERED A NERVOUS BREAKDOWN AND ATTEMPTED SUICIDE.
WHILE ON SUICIDE WATCH PLAINTIFF TOLD THE MENTAL HEALTH

NEXT PAGE

*Smith v. Cross et al* II Cause
Case 2:18-cv-02942-KJM-AC   Document 1   Filed 11/08/18   Page 10 of 25
PAGE 5 of 20

INTERDISCIPLINARY TREATMENT TEAM (IDTT) THAT HE BELIEVED THAT CUSTODY STAFF IN THE CDCR WERE MISTREATING HIM BECAUSE PLAINTIFF WAS ACQUITTED OF P.C. 664E/187. THE IDTT TOLD PLAINTIFF THAT NOTHING ABOUT PLAINTIFF HARMING A DEPUTY SHERIFF IN SACRAMENTO WAS ANNOTATED IN PLAINTIFF'S FILES. PLAINTIFF DID NOT BELIEVE THE IDTT'S ASSERTIONS.

** IN APRIL 2006 PLAINTIFF WAS ATTACKED AT PLEASANT VALLEY STATE PRISON (PVSP) BY INMATE LAMAR KELLY. UPON CUSTODY STAFF RESPONDING TO THE ALTERCATION. PLAINTIFF WAS SPRAYED IN HIS MOUTH NOSE AND EYES WITH OLEO RESIN CAPCASUM PEPPER SPRAY, MAKING IT EXTREMELY DIFFICULT FOR PLAINTIFF TO SWALLOW, BREATHE AND SEE. PLAINTIFF WAS THEN ESCORTED TO THE PVSP FACILITY "A" CLINIC FOR PEPPER SPRAY DECONTAMINATION. AFTERWARDS THE ESCORT OFFICER C/O MAXINE BLACK ASKED PLAINTIFF IF HE WOULD TAKE AN AIDS TEST BECAUSE WHILE ESCORTING HIM THE WIND BLEW PLAINTIFF'S BODY FLUIDS ONTO HER HAND. PLAINTIFF AGREED TO TAKE THE TEST. APPROXIMATELY THIRTY MINUTES LATER DEFENDANT MAXINE BLACK TOLD PLAINTIFF THAT HER SUPERVISOR, SGT. SCOTT HAD ORDERED HER TO WRITE AN RVR AGAINST PLAINTIFF ALLEGING "AGGRAVATED BATTERY OF A PEACE OFFICER" BUT NOT TO WORRY, JUST CALL HER AS A WITNESS AT PLAINTIFF'S HEARING. AT THE TIME OF THE RVR HEARING, DEFENDANT MAXINE BLACK GAVE STATEMENTS THAT RESULTED IN THE RVR'S DISMISSAL. HOWEVER PLAINTIFF WAS PLACED INTO ADISEG AND BECAUSE OF THE CHARGE "AGGRAVATED BATTERY OF A PEACE OFFICER" AND THE OFFICER BEING FEMALE, PLAINTIFF WAS DEPRIVED OF HIS PERSONAL AND LEGAL PROPERTY. PLAINTIFF WAS ON CRIMINAL APPEAL IN THE EASTERN DISTRICT COURT IN WHICH MAGISTRATE JUDGE KIMBERLY J. MUELLER ISSUED AN ORDER TO SHOW CAUSE (OTC). THE ATTORNEY GENERAL ARGUED THAT PLAINTIFF VIOLATED THE (AEDPAS) ANTI-EFFECTIVE DEATH PENALTY ACT'S TIME DEADLINE BY (40) DAYS, THE COURT'S JUDGE SINGLETON AGREED AND DISMISSED PLAINTIFF HABEAS CORPUS. PLAINTIFF FILED A MOTION FOR RECONSIDERATION AND AN APPEAL TO THE

over ↗

NINTH CIRCUIT COURT OF APPEALS EXPLAINING THAT THE TIME DEADLINE VIOLATION WAS DUE TO NO FAULT OF HIS OWN BUT DENIED RELIEF. GOING ON TO FILE AN APPEAL TO THE SUPREME COURT OF THE UNITED STATES CONSISTING OF EVIDENCE FROM CORRECTIONAL COUNSELORS THAT PLAINTIFF WAS LATE IN FILING ONLY BECAUSE OF HIS PLACEMENT IN AD/SEG FOR A FALSE CHARGE THAT WAS ULTIMATELY DISMISSED AND DEPRIVED OF HIS LEGAL PROPERTY.   PLAINTIFF GRIEVED THE WRITING OF A REPORT THAT DEFENDANT MAXINE BLACK KNEW WAS FALSE TO NO AVAIL.   SIX MONTHS LATER DEFENDANT J.C. SMITH MADE A REFERRAL TO THE KING'S COUNTY DISTRICT ATTORNEY TO PROSECUTE THE PLAINTIFF FOR THE DISMISSED "AGGRAVATED BATTERY OF A PEACE OFFICER" BUT PLAINTIFF DID NOT KNOW OF THE REFERRAL UNTIL 2015.

**✗✗**   MARCH 2007 DEFENDANT J.L. SCOTT, A LIEUTENANT AT PVSP AND WIFE OF DEFENDANT SGT. SCOTT AT PVSP WHO ORDERED DEFENDANT MAXINE BLACK TO AUTHOR A KNOWINGLY FALSE RVR AGAINST THE PLAINTIFF VIOLATED PLAINTIFF'S RIGHTS.   PLAINTIFF WAS GIVEN A BLATANT/FLAMBOYANT HOMOSEXUAL AS A CELLMATE OVER PLAINTIFF'S OBJECTIONS WHO HAD A PRIOR ALTERCATION RESULTING IN TWO BLACK EYES.   EACH DAY PLAINTIFF ATTEMPTED TO GET A CELL MOVE FROM HIS CELLMATE HENRY NOLKEMPER. BUT WAS DENIED.   ON OR ABOUT MARCH 07, 2007 WHILE AT A SOCIAL VISIT WITH HIS MOTHER, SANDRA SMITH. PLAINTIFF'S VISIT WAS TERMINATED.   PLAINTIFF WAS TOLD BY DEFENDANT J.L. SCOTT THAT HENRY NOLKEMPER SAID PLAINTIFF RAPED HIM THAT MORNING AND EJACULATED IN HIS ANUS.   PLAINTIFF WAS ESCORTED TO A CIVILIAN HOSPITAL IN FRESNO CALIFORNIA WHERE HIS BLOOD, HAIR, FINGERNAILS SCRAPED, PUBIC HAIR ... A RAPE KIT WAS TAKEN FROM PLAINTIFF WHILE HE STOOD NAKED AND IN CHAINS LIKE A SLAVE HUMILIATED WHILE CRYING.

PLAINTIFF WROTE THE CALIFORNIA DEPARTMENT OF JUSTICE (CDOJ) AS HE WAS NEVER PROVIDED ANY LOCK-UP ORDER NOR RVR CITING THE REASONS FOR HIS AD/SEG PLACEMENT.   IN JULY 2007, MR. JEFF WALL

NEXT PAGE

OF THE CDOJ DIVISION OF LAW ENFORCEMENT, MISSION SUPPORT SERVICES STATED. THAT NO RAPE KIT ON PLAINTIFF HAD BEEN SUBMITTED TO THE CDOJ. MEANWHILE PLAINTIFF LANGUISHED IN AD/SEG WITHOUT ANY OF HIS PROPERTY AND RIDICULED BY OTHER PRISONERS FOR RAPING "A MAN". PLAINTIFF GRIEVED TO NO AVAIL AND WHEN SHOWING THE CDOJ LETTER TO CCII HUDSON. IMMEDIATELY RELEASED FROM AD/SEG (5) FIVE MONTHS AFTER PLACEMENT. (PLAINTIFF DID NOT RECEIVE THE RAPE KIT FORENSICS REPORT UNTIL 2015 FROM DEPUTY DISTRICT ATTORNEY MORGAN GIRE CONCLUSIVELY PROVING THAT PLAINTIFF NEVER HAD ANY SEXUAL CONTACT WITH HENRY NOLKEMPER WHO CLAIMED THAT DEFENDANT J.L. SCOTT TOLD HENRY NOLKEMPER THAT IF HE CLAIMED THAT PLAINTIFF RAPED HIM, SHE, DEFENDANT J.L. SCOTT, WOULD ARRANGE FOR NOLKEMPER TO RECEIVE HARMONES THAT HE WAS BEING DENIED, TO ASSIST IN HIS TRANSITION FROM MALE TO FEMALE. WHEN NOL-KEMPER ASKED DEFENDANT LIEUTENANT J.L. SCOTT WHAT HAD PLAINTIFF DONE, NOLKEMPER CLAIMS THAT IT WAS SAID THE PLAINTIFF TRIED TO KILL A DEPUTY SHERIFF IN SACRAMENTO.

*** IN 2009, DEFENDANT RAMIREZ FORCED DEFENDANT LICENCE PSYCHIATRIC TECHNICIAN A. RUSSEL TO FALSELY CLAIM THAT PLAINTIFF THREW AN UNKNOWN LIQUID ON HER. PLAINTIFF WAS PLACED ON "MANAGEMENT STATUS" BY DEFENDANT SGT. JONES. eg. PLACED IN A STRIP CELL IN AN ISOLATED SECTION WITH A MATTRESS AND A PAIR OF BOXER BRIEFS AND EACH DAY WOULD GET A PAIR OF SOX; NEXT DAY A T-SHIRT. NEXT DAY A PAIR OF SHOES ... UNTIL AFTER SEVEN DAYS ALL OF PLAINTIFF'S PROPERTY WAS RESTORED ALTHOUGH DEFENDANT SGT. JONES IN HIS OWN WORDS SAW NO WATER/LIQUID ON DEF-ENDANT A. RUSSEL. DEFENDANT, LIEUTENANT PEARCE CONDUCTED THE RVR HEARING AND DISMISSED THE RVR ALLEGING "BATTERY ON A NON-INMATE". BECAUSE OF THE DISMISSAL OTHER STAFF SPOKE TO LT. PEARCE WHO THEN CALLED PLAINTIFF BACK TO HER OFFICE AND CHANGED THE FINDING TO "GUILT". PLAINTIFF FILED AN

Over ↗

APPEAL ON THE GROUND THAT PLAINTIFF'S DUE PROCESS RIGHTS WERE VIOLATED. SAID APPEAL WAS GRANTED BY WARDEN ALLISON ORDERING REISSUANCE AND REHEARING OF THE RVR WITHIN (30) DAYS. AFTER 9(0) DAYS ELAPSED PLAINTIFF FILED A HABEAS CORPUS TO THE SUPERIOR COURT OF KING'S COUNTY AND JUDGE DONNA TARTER ORDERED PRISON OFFICIALS TO CONDUCT THE HEARING.

LIEUTENANT JAMES CONDUCTED THE REHEARING BY CALLING DEFENDANT A. RUSSEL ON SPEAKERPHONE WHO SAID THAT SINCE THAT DAY OF THE INCIDENT SHE NO LONGER ACCEPTED REFERRALS TO THAT PRISON CORCORAN SATF AND THAT PLAINTIFF NEVER THREW ANY LIQUID ON HER. THAT C/O DEFENDANT RAMIREZ PUT HER ON THE SPST, SHE IS A REGISTRY EMPLOYEE AND NEEDED HER JOB. THAT SHE NEVER WROTE THE RVR NOR DID SHE SIGN IT AND THAT DEFENDANT RAMIREZ WROTE THE RVR AND SIGNED IT FOR HER THE RVR WAS DISMISSED BY LT. JAMES AFTER PLAINTIFF WAS PLACED ON "MANAGEMENT STATUS", AD/SEG, LOSS OF PROPERTY AND ASSESSED LOSS OF 365 DAYS GOOD CONDUCT CREDIT AND ASSESSED A "SHU TERM". THE RVR WAS DISMISSED.

¥×× IN 2011 THE CORCORAN STATE PRISON INVESTIGATIVE SERVICES UNIT GAVE INMATE KELLY EDWARDS A PACKET OF MARIJUANA TO "PLANT" AGAINST PLAINTIFF AND TO BEAT UP PLAINTIFF WHO IS SMALLER THAN EDWARDS. EDWARDS LOST THE FIGHT BUT STATED THAT HE BELIEVED THE ISU DOUBLE CROSSED HIM. PLAINTIFF WROTE THE KINGS COUNTY DA'S OFFICE WITH PHOTOGRAPHS PROVING THAT ISU PLANTED THE EVIDENCE TO HAVE PLAINTIFF PROSECUTED. KINGS COUNTY DA DECLINED TO CHARGE PLAINTIFF AS A RESULT OF THE PHOTOGRAPHIC EVIDENCE.

×××  IN 2010, DEFENDANT L. FLORES AUTHORED A FALSE RVR THAT CAUSED PLAINTIFF'S PROPERTY TO BE CONFISCATED. C/OS RIVAS AND MUÑOZ TESTIFIED PRIOR TO THE HEARING THE DEFENDANT

NEXT PAGE

CORRECTIONAL OFFICER L. FLORES LIED BECAUSE CUSTODY STAFF WERE GOSSIPPING ABOUT PLAINTIFF KILLING A DEPUTY. THE RVR WAS DISMISSED

xxx   IN JUNE 2013, CORRECTIONAL COUNSELOR I DEFENDANT S. RATHER TOLD THE INMATE CLASSIFICATION COMMITTEE (ICC) THAT PLAINTIFF WAS FOUND GUILTY OF TRYING TO KILL A SACRAMENTO COUNTY DEPUTY BY THROWING HIM OVER THE TIER OFF OF THE SECOND FLOOR.   PLAINTIFF DID NOT KNOW OF THE DOCUMENTS EXISTENCE UNTIL 2015.

xxx   JANUARY 13, 2010 AND WHILE IN AD/SEG PLAINTIFF WAS PROVIDED A DINNER TRAY BY DEFENDANT C/O RON HOPKINS. THE TRAY IDENTIFIABLE DUE TO PLAINTIFF'S SPECIAL DIET SEPERATE FROM THE REGULAR DIET TRAYS WHEN PLAINTIFF BIT INTO A FULL SIZED RAZOR BLADE THAT LODGED IN HIS BOTTOM LIP. PLAINTIFF REPORTED THE INCIDENT TO DEFENDANT SGT. PLUNKETT AND TO LIEUTENANT CHILDS AND SUBMITTED A TIMELY FILED GRIEVANCE AGAINST DEFENDANT C/O RON HOPKINS TO NO AVAIL. ON JANUARY 14, 2010 PLAINTIFF WAS STUCK ON THE CELL BUNK BED AND IN THE FETAL POSITION HAVING TO BE CELL EXTRACTED DUE TO PLAINTIFF'S INABILITY TO MOVE, AND TAKEN TO THE FACILITY CLINIC AND X-RAYED. THE X-RAY SHOWED METAL AND WIRES IN PLAINTIFF'S ABDOMEN.

xxx   ON JANUARY 13, 2010 DEFENDANT SGT. D. PLUNKETT AUTHORED A CDC 128-B GENERAL CHRONO PROTECTING DEFENDANT RON HOPKINS PLACING DANGEROUS MATERIALS INTO PLAINTIFF'S DIET TRAY, CITING THAT "IT SHOULD ALSO BE NOTICED THAT SMITH WAS CHARGED WITH "AGGRAVATED BATTERY ON A PEACE OFFICER" IN THE SACRAMENTO COUNTY JAIL, SO IT

OVER ↗

SHOWS SMITH HAS THE CAPABILITY AND CAPACITY TO ASSAULT CUSTODY STAFF". DEFENDANT SGT. D. PLUNKETT CITED THAT INCORRECT INFORMATION PLAINTIFF ASSERTS TO JUSTIFY DEFENDANT R. HOPKINS' ACTIONS. DESPITE THE "RAZOR BLADE" INCIDENT HAVING NOTHING TO DO WITH ASSAULT OF AN OFFICER. PLAINTIFF NEVER SAW THE CDC 128-B GENERAL CHRONO UNTIL 2015 WHEN PROVIDED HIS FILE BY DEPUTY DISTRICT ATTORNEY MORGAN GIRE.

\*\*\* ON JUNE 08, 2015, PLAINTIFF FILED A GRIEVANCE ASKING THAT THE ATTEMPTED MURDER OF A PEACE OFFICER "GUILT" BE REMOVED FROM HIS FILE. SAID APPEAL LOG # COR-15-03189 WAS REJECTED ON 6/9/15 AND CANCELLED ON 7/13/15 BY AN UNKNOWN INMATE APPEALS COORDINATOR WHO DID NOT WRITE OR SIGN THEIR NAME. (CORCORAN STATE PRISON)

\*\*\* ON FEBRUARY 14, 2016 PLAINTIFF WAS TRANSFERRED FROM CALIFORNIA CORRECTIONAL INSTITUTION (CCI) TEHACHAPI BACK TO HIGH DESERT STATE PRISON FACILITY B. AND WHERE HE WAS HOUSED FROM 2003-2006 AND WHERE MANY CUSTODY STAFF WHO WORKED AT HDSP FACILITY B. KNOW PLAINTIFF. IMMEDIATELY DEFENDANTS MONK, SUCHOSKI, AND CARPENTER RETALIATED AGAINST PLAINTIFF BY UNILATERALLY MAKING PLAINTIFF SINGLE CELL STATUS. AND SPREADING INCORRECT, INACCURATE IMFLAMMATOR INFORMATION THAT PLAINTIFF TRIED TO KILL A DEPUTY.

UPON GOING TO ICC ON OR ABOUT JANUARY 04, 2016

NEXT PAGE

PLAINTIFF NOTIFIED CCI CLINE THAT HE IS DOUBLE CELL AND WHY WAS HE MADE SINGLE CELL. CCI CLINE STATED AFTER CONSULTING PLAINTIFF'S ELECTRONIC FILES THAT PLAINTIFF IS DOUBLE CELL NOT SINGLE CELL. PLAINTIFF TOLD THE ICC THAT DEFENDANTS MONK SUCHOSKI AND CARPENTER SAY THAT HE IS SINGLE CELL.

WHEN ANY INMATE ARRIVED AT HDSP THEY ARE KEPT ON ORIENTATION STATUS HAVING NONE OF THEIR DEODORANT, TOOTH-PASTE, T.V. NOVELS, PAPER, ENVELOPES... WHICH WHEN GIVEN A CELLMATE. THEY SHARE THESE ITEMS UNTIL THE NEWLY ARRIVED INMATE RECEIVES HIS OWN PROPERTY. BY PLACING AN INMATE WHO IS DOUBLE CELL CLEARED ON SINGLE CELL STATUS IS USED TO PUNISH THE INMATE.

PLAINTIFF MOVED OUT OF UNIT B-4 TO AVOID DEFENDANTS MONK, SUCHOSKI AND CARPENTER. DURING THIS TIME THE CALIFORNIA STATE INSPECTOR GENERAL MR. ROBERT BARTON WAS ORDERED TO INVESTIGATE HDSP. HIS REPORT FINDING THAT HDSP'S STAFF IS/WAS 93% WHITE WITH A 98% SUPERVISORY STAFF IN NEED OF AUDIO AND VIDEO SURVEILLANCE DUE TO STAFF MISCONDUCT ESPECIALLY AGAINST AFRICAN PRISONERS. AND A SYSTEM THAT CAN IDENTIFY WHAT CORRECTIONAL STAFF ACCESSED AN INMATES ELECTRONIC FILES BECAUSE STAFF WERE TELLING OTHER INMATES WHICH ONES ARE RAPISTS AND PEDOPHILES WHICH LED TO INMATES WHO STAFF DID NOT LIKE HAVING FALSE "RAPE" LABELS ASSIGNED TO THEM RESULTING IN THE MURDER OF SEVERAL INNOCENT ~ STAFF-TARGETED INMATES AT HDSP.

OVER ↗

SMALLY v. CDCR et al.    IV CAUSE OF ACTION
Case 2:18-cv-02942-KJM-AC    Document 1    Filed 11/08/18    Page 17 of 25
PAGE 12 OF 20

ON AUGUST 11, 2016 AND WHILE PLAINTIFF WAS IN UNIT B-2 LOOKING AT THE AUGUST YARD SCHEDULE, HE SAW DEFENDANT SUCHOSKI WHO WAS NOT ASSIGNED TO WORK IN UNIT B-2 SHOWING DEFENDANTS BINDER AND MARTINEZ PLAINTIFF'S ELECTRONIC FILE. WHEN SUCHOSKI, BINDER AND MARTINEZ EXITED THE OFFICE

AND SURROUNDED PLAINTIFF. DEFENDANT BINDER HAD AN EXPANDABLE NTK BATON IN HIS RIGHT HAND, BALLED INTO A FIST UNEXPANDED LIKE A ROLL OF QUARTERS TO PUT WEIGHT INTO A PUNCH.   DEFENDANT SUCHOSKI LEANED HIS RIGHT SHOULDER AGAINST THE WALL, CROSSED HIS ARMS AND HIS RIGHT FOOT OVER HIS LEFT ANKLE AND FOOT AND SAID TO PLAINTIFF "DON'T YOU EVER THREATEN ME!"[1] PLAINTIFF STATED THAT HE NEVER THREATENED SUCHOSKI AS SUCHOSKI WAS ALLEGING PLAINTIFF THREATENED SUCHOSKI WHILE PLAINTIFF WAS INSIDE OF HIS ASSIGNED CELL B2-114. [SUCHOSKI HAD REFUSED TO ALLOW PLAINTIFF AND HIS CELLMATE JOSEPH BREVARD TO PARTICIPATE IN OUTDOOR RECREATION AND WHEN THE PLAINTIFF SHOWED THE YARD SCHEDULE TO SUCHOSKI AUTHORIZING HIS PARTICIPATION, THE YARD SCHEDULE WAS FOR THE MONTH OF JULY AND SUCHOSKI AT THAT TIME STATED "THIS IS AUGUST NOT JULY SO FUCK OFF!" THE CELL DOORS OPENED APPROXIMATELY (15) MINUTES LATER AND PLAINTIFF WALKED PAST THE STAFF OFFICE TO CONSULT THE AUGUST SCHEDULE FOR THE PURPOSE OF SHOWING SUCHOSKI.] SUCHOSKI THEN TOLD THE PLAINTIFF TO GET AGAINST THE WALL, PUT HIS HANDS BEHIND HIS BACK AND CUFF UP,   PLAINTIFF WEARS BI-LATERAL

[1] PLAINTIFF TOLD SUCHOSKI THAT HAD HE THREATENED SUCHOSKI HE WOULD NOT BE AT DAYROOM PER POLICY, HANDCUFFED AND TAKEN TO AD/SEG.

NEXT PAGE

WRIST BRACES AND BI-LATERAL ELBOW SUPPORT SLEEVES FOR PAIN RELATED TO COCCI CONTRACTION AND HAS A MEDICAL CHRONO ORDERING THAT HE NOT BE BACK-CUFFED WHICH THE DEFENDANTS KNEW, AND PLAINTIFF PRODUCED THAT MEDICAL CHRONO ONLY FOR SUCHOSKI TO IGNORE IT WHEN DEFENDANT BINDER YELLED "GET DOWN!" WHILE SIMULTANEOUSLY PUNCHING PLAINTIFF ON THE LEFT SIDE OF PLAINTIFF'S FACE WITH DEFENDANT BINDERS RIGHT HAND BALLED INTO A FIST ASSISTED BY AN UNEXPANDED MK BATON. PLAINTIFF WAS KNOCKED OFF BALANCE AND STUMBLED BACKWARDS AND TO PLAINTIFF'S RIGHT LANDING BETWEEN AFFIXED DAYROOM BENCHES WHERE HE WAS BEATEN BY THE THREE DEFENDANTS WITH MK BATON WHILE PLAINTIFF WAS LAYING ON HIS STOMACHE. SPLITTING OPEN PLAINTIFF'S BACK OF THE HEAD CAUSING PROFUSE BLEEDING TO POOL. AFTER OTHER STAFF RESPONDED, DEFENDANT E. ROSE BENT PLAINTIFF'S LEGS TO THE BACK OF PLAINTIFF'S HEAD WHILE STATING "OOPS HE JUST KICKED ME" WHEN IT IS IMPOSSIBLE TO KICK WHILE A PERSON IS LAYING IN THE PRONE POSITION ON THEIR STOMACHE.

PLAINTIFF WAS IN AD/SEG FROM AUGUST 14, 2016 UNTIL JANUARY 19, 2018 WHEN THE RVR AUTHORED BY SUCHOSKI WAS ADJUDICATED. SUCHOSKI ALLEGED THAT PLAINTIFF ATTEMPTED TO MURDER DEFENDANT BINDER AUTHORING AN RVR THAT IF TRUE BINDER SHOULD HAVE WROTE THE RVR. HDSP STAFF DEFENDANT A. LANE CLASSIFIED THE RVR. DEFENDANT J. SWEET APPROVED THE RVR CLAIM OF ATTEMPTED

over

MURDER OF A PEACE OFFICER ALTHOUGH THE RVR AS WRITTEN DOES NOT NARRATE THE NECESSARY ELEMENTS OF THE OFFENSE OF ATTEMPTED MURDER OF A PEACE OFFICER

ON DECEMBER 08, 2017 SENIOR HEARING OFFICER LT. D. FOOTMAN CONDUCTED THE RVR HEARING, DISMISSING THE FRAUDULENT RVR IN ITS ENTIRETY.

** ON MAY 24, 2017 PLAINTIFF AGAIN FILED A 602 GRIEVANCE REQUESTING THAT THE INFLAMMATORY INFORMATION IS EXPUNGED FROM HIS FILES. APPEAL LOG# CMF-M-17-01627. THE APPEAL WAS FINALLY GRANTED ON THE SECOND LEVEL OF REVIEW BY WARDEN ROBERT W. FOX ON AUGUST 14, 2017 WHICH FINALLY WAS AN ACKNOWLEDGEMENT THAT THE FALSE INFORMATION WAS IN PLAINTIFF'S FILE, STATING IN THE SECOND LEVEL OF REVIEW

"THE APPEAL REVIEWER WAS ABLE TO IDENTIFY THAT THE APPELLANT WAS NOT CONVICTED OF THE CHARGE OF ASSAULT ON SAC COUNTY DEPUTY AND WAS ABLE TO DELETE THE STATEMENT OF ("ASSAULT ON A SAC COUNTY DEPUTY (ATTEMPTED TO THROW DEPUTY OFF OF TIER)" IN THE SOMS INMATE PRECAUTIONS SECTION, DUE TO IT NOT BEING FACTUAL"

*** ALTHOUGH PLAINTIFF'S RVR WAS DISMISSED FOR ATTEMPTED MURDER OF A PEACE OFFICER LOG # HOSP-FBZ-16-08-0335 THE PRISON JUST AS THEY DID IN THE MAXINE BLACK

NEXT PAGE

AGGRAVATED BATTERY OF A PEACE OFFICER DISMISSED RVR. HDSP AND THE LASSEN COUNTY D.A'S OFFICE ARE PROSECUTING PLAINTIFF IN PEOPLE V. SMITH CHO35990.

*** ON JULY 12, 2018 DEFENDANT C. FACKRELL (LIEUTENANT) AUTHORED AN AD/SEG UNIT PLACEMENT UNIT ORDER FALSELY ALLEGING THAT PLAINTIFF ATTEMPTED TO MURDER A PEACE OFFICER. PLAINTIFF EXPLAINED THAT CCR§3326 MANDATES THAT DISMISSED RVRS NOT BE REFERRED TO IN ANY OTHER DOCUMENTATION RELATED TO THE INMATE AND WOULD HE REWRITE IT. DEFENDANT LT. C. FACKRELL REFUSED AT WHICH TIME PLAINTIFF SAID TO FACKRELL COULD HE PLEASE AT LEAST ANNOTATE IN THE AD/SEG ORDER THAT PLAINTIFF WAS FOUND "NOT GUILTY" OF THE RVR OR STAFF WOULD RETALIATE AS THEY HAD DONE FOR THE FIRST ATTEMPTED MURDER OF A PEACE OFFICER FOR (15) YEARS AND NOT LIKE THE PLAINTIFF. DEFENDANT LT. C. FACKRELL STATED "I DON'T LIKE YOU! YOU PUT HANDS ON MY OFFICERS. YOU GET WHAT YOU GET!" BEFORE WALKING AWAY

PLAINTIFF WAS PLACED INTO CELL #153 WHERE THE TOILET AND DRINKING WATER WAS INOPERABLE FOR FOUR DAYS AND HAD TO GO SUICIDAL BEFORE MENTAL HEALTH'S DR. WELSH GOT INVOLVED AND ARRANGED FOR PLAINTIFF TO BE RELOCATED TO CELL #152 RIGHT NEXT DOOR WHERE THE WATER WAS OPERABLE ALL ALONG. PLAINTIFF GRIEVED FACKRELL TO NO AVAIL

*** ON OCTOBER 09, 2018 PLAINTIFF WAS TRANSFERRED BACK

OVER →

TO HDSP AGAIN AND DEFENDANT B. HARRINGTON AUTHORED AN AD/SEG PLACEMENT UNIT ORDER STATING AGAIN THAT PLAINTIFF ATTEMPTED TO MURDER A HDSP PEACE OFFICER. PLAINTIFF EXPLAINED THE REQUIREMENTS OF CCR § 3326, AND COULD DEFENDANT B. HARRINGTON (LIEUTENANT) AT LEAST PUT IN THE ORDER THAT THE RVR WAS DISMISSED. THE DEFENDANT B. HARRINGTON STATED "IF YOU DON'T LIKE IT TAKE IT UP WITH THE CAPTAIN. I KNOW WHAT YOU DID I WAS THE INCIDENT COMMANDER WHEN IT OCCURRED!"

ON OCTOBER 11, 2018 PLAINTIFF SPOKE TO DEFENDANT CAPTAIN ALBANICO AND EXPLAINED THAT HE WAS BEING RETALIATED AGAINST BY CUSTODY STAFF BECAUSE OF THE FALSE "ATTEMPTED MURDER OF AN HDSP PEACE OFFICER" ALLEGATION ANNOTATED IN THE ORDER. DEFENDANT CAPTAIN ALBANICO STATED THAT THE LANGUAGE IN THE ORDER DOES NOT REFER TO THE RVR DESPITE THE RVR'S LOG NUMBER ANNOTATED IN THE ORDER AND THAT IT ONLY REFERENCES WHAT THE CHARGES ARE AGAINST PLAINTIFF IN COURT CASE CH035990. PLAINTIFF ADVISED DEFENDANT CAPTAIN ALBANICO THAT PLAINTIFF HAS NEVER BEEN CHARGED WITH "ATTEMPTED MURDER OF A PEACE OFFICER" BY LASSEN COUNTY DA'S OFFICE BUT WITH TWO COUNTS OF ASSAULT. STILL THIS DEFENDANT WOULD NOT CORRECT THE ORDER'S LANGUAGE TO PROTECT PLAINTIFF FROM RETALIATORY STAFF ACTION WHICH IS OF ITSELF A RETALIATORY ACT.

FXX ON OCTOBER 12, 2018. DEFENDANT C/O Y. ANAYA FABRICATED ANOTHER RVR AGAINST PLAINTIFF FALSELY ALLEGING THAT

NEXT PAGE

SMITH V. CDCR et al.          IV CAUSE OF ACTION
Case 2:18-cv-02342-KJM-AC   Document 1   Filed 11/08/18   Page 22 of 25
PAGE 17 OF 20

HE CAME TO PLAINTIFF'S ASSIGNED CELL, THE LIGHT WAS COMPLETELY OFF. HE STOOD AT THE DOOR TRYING TO SEE INSIDE OF THE CELL. KNOCKED ON THE WINDOW OF THE DOOR TO GET PLAINTIFF'S ATTENTION AND PLAINTIFF STATED "WHAT YOU WANT!" AT WHICH TIME HE COUNSELLED THE PLAINTIFF ABOUT THE NECESSITY OF STANDING 1600 HOUR COUNT..."

PLAINTIFF RECEIVED THE RVR ON OCTOBER 15, 2018 AND DID NOT KNOW THAT IT HAD BEEN WRITTEN AND ASKED THE C/O WHO PROVIDED THE COPY OF THE RVR TO PLAINTIFF, C/O COX, TO PLEASE PULL THE VIDEO OF THE 1600 HOUR COUNT ON OCTOBER 12, 2018 AND HE'D SEE THAT 2 DEFENDANT Y. ANAYA WAS LYING. THE VIDEO WAS REVIEWED AND THE RVR WAS DISMISSED. (RVR LOG# HDSP-Z-Z 0011-1030011)

** ON SEPTEMBER 28, 2018 C/o DEFENDANT STINSON WROTE AN RVR AGAINST PLAINTIFF FOR POSSESSION OF CONTRABAND (TOBACCO) PLAINTIFF HAVING NEVER BEEN APPREHENDED DIRECTLY NOR CONSTRUCTIVELY WITH ANY TOBACCO AND ALLEGED THAT PLAINTIFF IS AN "ASSOCIATE" OF A "BAY AREA" SECURITY THREAT GROUP WHICH REQUIRE A VALIDATION PROCESS.

DEFENDANT STINSON'S FALSE RVR WAS ADJUDICATED THE SAME MORNING AS THE RVR LOG# HDSP-Z-Z-0011-1030011 AND BY THE SAME HEARING OFFICER ENGLEBERT WHO FOUND PLAINTIFF GUILTY ALTHOUGH PLAINTIFF'S QUESTIONS THAT HE GAVE TO THE INVESTIGATIVE EMPLOYEE TO BE ASKED OF THE REPORTING

SUIT AGAINST CCI FARNSWORTH, CCII THOMAS, CCI L. HIGHTOWER, SGT JUNES, SGT FELTNER ARE FOR THE SAME CAUSE OF ACTION BUT NOT YET EXHAUSTED ADMINISTRATIVELY.

over →

Smith V. CDCR el.al.          IV CAUSE OF ACTION
Case 2:18-cv-02942-KJM-AC   Document 1   Filed 11/08/18   Page 23 of 25
PAGE 18 OF 20

OFFICER DEFENDANT STINSON. PRIOR TO ANY HEARING.

DEFENDANT LT. ENGLEBERT WAS JUST HAPPY TO FIND

PLAINTIFF GUILTY OF SOMETHING, THE HEARING OCCURRING

AT HDSP WHILE THE INCIDENT ALLEGED WAS AT MULE

CREEK STATE PRISON AND WAS ONLY (21) DAYS OLD THEIR

BEING A (45) DAY TOTAL PERIOD TO COMPLETE THE RVR

PROCESS.

PLAINTIFF ASSERTS THAT ALL OF HIS PERSONAL PROPERTY IS

MISSING AT MULE CREEK STATE PRISON WHILE HE IS OUT

TO COURT AT HDSP AND CDCR STAFF ARE RETALIATING

CONSTANTLY AND INJUNCTIVE RELIEF IS NECESSARY

AND IF HE DOES NOT DISMISS HIS ACTION AGAINST THE

SHERIFFS DEPARTMENT UP FOR 12·12·18 SETTLEMENT

[PLAINTIFF HEREBY NOTIFIES THE COURT THAT HE IS IN

POSSESSION OF ALL DOCUMENTS TO PROVE EVERY ALLEGATION

HEREIN.]

SETTLEMENT CONFERENCE IN SMITH V. ALBEE 2·15-CV-

01598-JAM-KJN·P ON 12·12·18·

DEFENDANTS ARE REPEATING THE SAME TACTIC THAT GAVE THEM

SUCCESS IN PLAINTIFF DISMISSING PRIOR SUITS AGAINST

THE SSD SAC. SHERIFFS DEPARTMENT DEMONSTRATING

A ROUTINE PATTERN OF RETALIATION

DEFENDANTS ALSO ANNOTATED THAT PLAINTIFF COMMITTED AN IN CELL

BATTERY ON AN INMATE ON 2/25/12 WHICH IS IMPOSSIBLE BECAUSE PLAINTIFF

WAS ON SINGLE CELL STATUS AND IN THE SHU. PLAINTIFF APPEALED TO

NO AVAIL.

NEXT PAGE

SMITH V. CDCR et al!    PAGE 19 OF 20

Case 2:18-cv-02942-KJM-AC   Document 1   Filed 11/08/18   Page 24 of 25

**Claim 2:** The following civil right has been violated (e.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.):

PLAINTIFF'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISH-
MENTS, RETALIATION AND DUE PROCESS WAS VIOLATED

**Supporting Facts** (Include all facts you consider important to Claim 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Claim 2.):

ON DECEMBER 2015, THE SACRAMENTO COUNTY DISTRICT ATTORNEY'S OFFICE.
REPRESENTATIVE DEPUTY DISTRICT ATTORNEY MORGAN GIRE FILED HIS
OPPOSITION TO PLAINTIFF'S PROPOSITION 36 RESENTENCING STATED THAT
THE PEOPLE WOULD PRESENT EVIDENCE THAT PLAINTIFF, ALTHOUGH ACQUITTED
OF ATTEMPTED MURDER OF A PEACE OFFICER REALLY DID ATTEMPT TO
MURDER A PEACE OFFICER. PLAINTIFF ASSERTS THAT DEFENDANT
MORGAN GIRE RETALIATED AGAINST PLAINTIFF FOR THE "NOT GUILTY"
VERDICT IN PEOPLE V. SMITH, 02F03308 SAIP ACQUITTAL COMING
THIRTEEN YEARS PRIOR IN (2002). CARRYING WITH HIM THE

POWER AND THE PRESTIGE OF THE GOVERNMENT, DEFENDANT MORGAN
GIRE CITED THAT HE HAD EVIDENCE THAT PLAINTIFF REALLY DID ATTEMPT
TO MURDER A PEACE OFFICER — BUT NEVER ESTABLISHED THE PROVENANCE
OF THAT EVIDENCE NOR DID HE OFFER THAT EVIDENCE, WHICH BY JUST
MENTIONING THAT " BELIEF" PREJUDICED THE COURT AGAINST THE PLAINTIFF, THE
COURT USING THE DISPROVEN ALLEGATION TO DENY THE PLAINTIFF'S
RESENTENCING.

* ON OR ABOUT JUNE 2018, INMATE EDWIN VALENCIA ATTACKED THE
PLAINTIFF AT MULE CREEK STATE PRISON (MCSP). VALENCIA WAS IN THE
ASSIGNED CELL MASTERBATING (WHILE PLAINTIFF WAS INSIDE OF THE CELL TOO) TO
SGT. SHIRLY. PLAINTIFF ASKED VALENCIA TO REFRAIN FROM MASTERBATING

**V. Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

INJUCTIVE RELIEF: TEMPORARY RESTRAINING ORDER;
PUNATIVE DAMAGES; COMPENSATORY DAMAGES IN AN AMOUNT
DETERMINED BY A JURY; COURT COSTS; PERMANANT INJUNCTION
AUDIT OF ALL CDCR CLASSIFICATION FILES, AD/SEG PLACEMENT ORDERS AND
INFORMATIONAL CHRONOS INDICATING ATTEMPTED MURDER OF A PEACE OFFICER

I declare under penalty of perjury that the foregoing is true and correct.

Date: Nov 04/18     Signature of Plaintiff: _Michel L Smith_

(Revised 4/4/14)