UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, et al.,<br><br>Defendants. | No. 2:18-cv-2942 KJM AC P<br><br><br>ORDER |

I.     Introduction

Plaintiff is a state prisoner at California State Prison Corcoran (CSP-COR),[1] under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The complaint names as defendants CDCR and thirty-three individual defendants at four institutions. Plaintiff also seeks a temporary restraining order (TRO). This action is referred to the undersigned pursuant to

---

[1] Plaintiff filed this action while a prisoner at Mule Creek State Prison (MCSP). However, CDCR's Inmate Locator website indicates that plaintiff is now incarcerated at CSP-COR. See https://inmatelocator.cdcr.ca.gov This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

1

28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, plaintiff's request to proceed in forma pauperis is granted; his TRO request is denied; and the complaint is dismissed with leave to amend.

## II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 2; see also ECF No. 6. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff must still pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. Screening of Plaintiff's Complaint

### A. Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

                B.      Plaintiff's Allegations

The complaint names CDCR as a defendant in this action together with thirty-three individual defendant correctional officers at four different correctional institutions. See ECF No. 1. Plaintiff has also separately filed numerous additional documents in support of his complaint. See ECF Nos. 10, 12, 14. The complaint and its numerous supporting documents recount events spanning the period of 2002 to the present.

Plaintiff alleges that he learned, in 2015, that his CDCR records perpetuated a false statement from his Sacramento County records that plaintiff had been convicted in 2002 of attempted murder of a peace officer, a charge for which plaintiff was acquitted. Plaintiff contends that he had long suspected the perpetuation of this falsehood due to the ongoing retaliatory conduct against him by numerous correctional officials, including the filing of numerous Rules Violation Reports (RVRs), prolonged stays in Administrative Segregation (Ad Seg), and attempts

3

| | |
|---|---|
| 1 | on plaintiff's life. Plaintiff also contends that at the December 2015 hearing on his motion for |
| 2 | resentencing under Proposition 36, the district attorney argued that plaintiff really did intend to |
| 3 | murder a peace officer in 2000 despite his acquittal in 2002. Plaintiff is currently serving a |
| 4 | sentence of 25-years-to-life for violation of California Health and Safety Code § 11352(a) |
| 5 | (transportation of controlled substance), a non-violent offense. ECF No. 1 at 6. |
| 6 | It appears that in August 2017, plaintiff succeeded in having the disputed conviction |
| 7 | information removed from his CDCR file. Plaintiff states that on August 14, 2017, his Appeal |
| 8 | Log No. CMF-M-17-01627 was granted on Second Level Review by Warden Fox, who ruled in |
| 9 | pertinent part, ECF No. 1 at 19: |

> The Appeal Review was able to identify the appellant was not convicted of the charge of assault on Sac County Deputy and was able to delete the statement of ("Assault on a Sac County Deputy (attempted to throw Deputy off of tier)") in the SOMS[2] inmate precautions section due to it not being factual.

At plaintiff's request, the court takes judicial notice of another of his many federal cases, Smith v. Albee, Case No. 2:15-cv-1598 JAM KJN P.[3] Filed in 2015, that case now proceeds with a Second Amended Complaint on plaintiff's due process claims against the Sacramento County Sheriff's Department and Sergeant Gregory (previously misidentified as Sergeant Alexander) based on their alleged failure to correct internal records to reflect that plaintiff was acquitted of the attempted murder charge. Plaintiff alleges in that case that he discovered the problem in 2015 when he was out-to-court at the Sacramento County Main Jail and realized that the Sheriff's Department's electronic files and a locator card specific to plaintiff stated that he had attempted to murder Deputy Albee. Plaintiff's other claims, including against Albee, have been dismissed because precluded by the statute of limitations. (See e.g., id. at ECF No. 26.)

In the instant case, plaintiff generally alleges the denial of his rights to be free from retaliation and cruel and unusual punishment under the First and Eighth Amendments, and the

---

[2] The Strategic Offender Management System (SOMS) is CDCR's electronic records system.
[3] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201.

4

denial of his due process rights under the Fourteenth Amendment. Plaintiff generally seeks damages, preliminary and permanent injunctive relief, and the "audit of all CDCR classification files, Ad Seg placement orders and informational chronos indicating attempted murder of a peace officer." ECF No. 1 at 25.

### C. Analysis

The following discussion informs plaintiff of the deficiencies in his complaint, which require its dismissal, and sets forth the legal standards that will apply to the court's review of plaintiff's amended complaint, should he choose to file one.

#### 1. Format of the Complaint

The screening of plaintiff's complaint is difficult because the complaint makes myriad factual allegations and constitutional claims against numerous defendants at several different locations, arising from events that occurred over a period of nearly twenty years. Such a pleading is often characterized as a "shotgun" or "kitchen-sink" complaint "in which a plaintiff brings every conceivable claim against every conceivable defendant." Gurman v. Metro Hous. & Redevelopment Auth., 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011) (fn. omitted). Such complaints are difficult to decipher and require inordinate time to identify potentially relevant matters.

For these reasons, the court finds that the instant complaint fails to meet the "short and plain statement" requirements of Rule 8, Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a). The complaint also fails to comply with Rule 20, which authorizes multiple defendants in a single action only if their challenged conduct arises out of common events and reflects common questions of law or fact. See Fed. R. Civ. P. 20(a)(2); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits."); cf. Fed. R. Civ. P. 18(a) (plaintiff may join multiple claims only against a single defendant). Should plaintiff file an amended complaint, his allegations must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1); see also McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (setting forth pleading guidelines and examples).

////

5

### 2. Defendants

CDCR is not a proper defendant in this action. As a state agency, CDCR is not a "person" who may be sued under Section 1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief barred by Eleventh Amendment immunity).

CDCR Secretary Ralph Diaz may be an appropriate defendant in his official capacity, to the extent plaintiff properly seeks injunctive relief, even if he had no personal involvement in the challenged conduct. A claim for prospective injunctive relief against a state official in his official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief. Will, 491 U.S. at 92; see also Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) ("A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation.") (citing Hafer v. Melo, 502 U.S. 21, 25 (1991), and Kentucky v. Graham, 473 U.S. 159, 166 (1985)).

Plaintiff's allegations against the numerous individual correctional officials (who, to the extent they reappear in an amended complaint, should be named as defendants in both their individual and official capacities) are subject to the legal standards identified below. In an amended complaint, plaintiff must identify the specifically challenged conduct of each defendant. See Rizzo v. Goode, 423 U.S. 362, 371 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [S]ection 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.")

(citations omitted.)  A complaint that fails to identify the specific acts of each defendant that allegedly violated plaintiff's rights fails to meet the notice requirements of Rule 8(a). Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

### 3. Legal Standards

Plaintiff is informed of the following legal standards for stating potentially cognizable claims in an amended complaint.  Review of these standards will demonstrate the principal deficiencies in plaintiff's claims as currently framed, particularly alleged retaliation premised on matters not protected by the First Amendment; alleged denial of due process where no further process is due; and alleged cruel and unusual punishment for routine conditions of confinement.

#### a. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted).  Filing administrative grievances and initiating litigation are protected activities, and it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567-68.

Direct and tangible harm will support a First Amendment retaliation claim even without demonstration of a chilling effect on the further exercise of a prisoner's First Amendment rights. Rhodes, at 568 n.11.  The alleged retaliatory conduct, in itself, need not violate a constitutional right.  Pratt v. Rowland, 65 F.3d 802, 806 (1995) (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); see also Hines v. Gomez, 108 F.3d 265, 268 (9th Cir.1997) (upholding jury determination of retaliation based on filing of a false rules violation report); Rizzo v. Dawson, 778 F.2d 527, 531 (transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim).  Rather, the interest asserted in a retaliation claim is the right to be free of conditions that would not have been imposed but for the alleged retaliatory motive.  However, not every allegedly adverse action will

support a retaliation claim; there must be some nexus between the protected conduct and alleged adverse action. See e.g. Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this'") (citation omitted).

b. Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Significantly, prisoners do not have a liberty interest in being free from false accusations of misconduct. This means that the falsification of a report, even when intentional, does not alone give rise to a claim under § 1983. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone,[4] do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections . . . are provided."). "[T]he fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative

---

[4] The filing of a disciplinary charge against the plaintiff in Sprouse was found actionable as part of a retaliation claim, because allegedly filed in retaliation for plaintiff pursuing his First Amendment rights, viz., filing a grievance. Sprouse, 870 F.2d at 452.

8

segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2, 2015 U.S. Dist. LEXIS 27885, at *5 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)).

Further, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. Rather, the minimum procedural requirements that must be met in a prison disciplinary proceedings are as follows: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met in a prison disciplinary proceeding, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

            c.  Cruel and Unusual Punishment

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal citations and punctuation omitted) (citing Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97,103 (1976)). The challenged conduct must also be, "objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). "The objective component of an Eighth Amendment claim is therefore contextual and responsive to contemporary standards of decency. For instance, extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities' are sufficiently grave to form the

////

basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 8-9 (1992) (citations and internal quotation marks omitted).

More specifically, "[t]he issuance of Rules Violation Reports, even if false, does not rise to the level of cruel and unusual punishment." Cauthen v. Rivera, 2013 WL 1820260, at *10, 2013 U.S. Dist. LEXIS 62472, at *24 (E.D. Cal. 2013) (and cases cited therein); Jones v. Prater, 2012 WL 1979225, at *2, 2012 U.S. Dist. LEXIS 76486, at *5-6 (E.D. Cal. 2012) ("[P]laintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendants issued a false rules violation against plaintiff.").

### IV. Leave to File a First Amended Complaint

For the foregoing reasons, the instant complaint will be dismissed. Plaintiff will be granted leave to file a proposed First Amended Complaint (FAC) within thirty days, in which he may attempt to state a cognizable federal claim subject to the standards set forth above. The FAC must be on the form provided herewith, labeled "First Amended Complaint," and provide the case number assigned this case. The FAC must be complete in itself without reference to the original complaint. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). ***Any documents relevant to the FAC must be attached as exhibits thereto; the court will not further review plaintiff's myriad filings to locate potentially relevant exhibits.***

The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A. Failure to timely file a FAC will result in the dismissal of this action without prejudice.

### V. Request for Temporary Restraining Order

Plaintiff asks the court to issue a temporary restraining order "enjoining the defendants from continuing to fabricate reports against plaintiff and from continuing to refer to dismissed charges in a manner that gives an appearance that it is still pending." ECF No. 3 at 10.

Under Rule 65, Federal Rules of Civil Procedure, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party" only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Obtaining ex parte relief under Rule 65 is limited to situations where notice to

10

the adverse party would likely prove useless.  See Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006) (citing cases).  The legal standards for obtaining a temporary restraining order are essentially identical to those for obtaining a preliminary injunction.[5]  See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits.'"  Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (quoting L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir.1980)).  In cases brought by prisoners involving conditions of confinement, any preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

      Because there is no cognizable complaint before the court, it is premature to consider plaintiff's likelihood of success on the merits of his claims and, therefore, the merits of his request for preliminary injunctive relief.  Moreover, in light of CDCR granting plaintiff's relevant inmate appeal and its apparent removal of the challenged statement from SOMS, it does not appear that plaintiff is likely to suffer further harm in the absence of preliminary relief.  For these reasons, plaintiff's request for a temporary restraining order will be denied without prejudice.

---

[5] In evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); accord Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).  "At a minimum, a plaintiff seeking preliminary injunctive relief must demonstrate that it will be exposed to irreparable harm.  Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.  A plaintiff must . . . demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief."  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988) (citations omitted).  "'[S]erious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met."  A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply toward the plaintiff, . . . assuming the other two elements of the Winter test are also met."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir.  2011).

VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's original complaint, ECF No. 1, is dismissed in its entirety with leave to file a proposed First Amended Complaint (FAC) within thirty (30) days after service of this order, subject to the legal standards set forth herein. Failure to timely file a FAC will result in the dismissal of this action without prejudice.

4. Plaintiff's request for a temporary restraining order, ECF No. 3, is denied without prejudice.

5. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

SO ORDERED.

DATED: July 10, 2019.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE