UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, et al.,<br><br>Defendants. | No. 2:18-cv-2942 KJM AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

       Plaintiff is a California state prisoner, proceeding pro se with a civil rights action under 42 U.S.C. § 1983. By order filed July 11, 2019, the undersigned granted plaintiff's request to proceed in forma pauperis, found that the complaint was subject to dismissal but granted leave to file a First Amended Complaint (FAC), and denied plaintiff's request for preliminary injunctive relief. See ECF No. 15. Plaintiff has now filed a First Amended Complaint (FAC) and a motion for temporary restraining order (TRO). ECF Nos 18, 19.

       This action is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the FAC is found inappropriate for service and plaintiff will be given a final opportunity to amend. The undersigned also recommends the denial of plaintiff's TRO motion.

1

II. Plaintiff's First Amended Complaint (FAC)

The FAC and attached exhibits total 314 pages. Additionally, plaintiff filed a "motion of apology" stating that he inadvertently failed to include two pages in his FAC. ECF No. 20. These pages, together with page 2 of the FAC, identify a total of 37 correctional defendants at five different prisons. See ECF No. 19 at 2, ECF No. 20 at 4-5.

The court has previously informed plaintiff of the legal standards guiding this court's review of his pleadings. See ECF No. 15 at 2-3. Although required to liberally construe pro se pleadings, under 28 U.S.C. § 1915A(b) this court must dismiss claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from an immune defendant.

Despite the court's prior instructions, the FAC—like the original complaint—provides a detailed chronology of injustices against plaintiff without identifying specific legal claims against specific defendants. The FAC chronicles plaintiff's incarceration beginning in 2000. The gravamen of the complaint appears to be as follows:

> Plaintiff alleges that he learned, in 2015, that his CDCR records perpetuated a false statement from his Sacramento County records that plaintiff was convicted in 2002 of attempted murder of a peace officer in 2000, a charge for which plaintiff was acquitted. Plaintiff contends that he had long suspected the perpetuation of this falsehood due to the ongoing retaliatory conduct against him by numerous correctional officials, including the filing of numerous Rules Violation Reports (RVRs), prolonged stays in Administrative Segregation (Ad Seg), and attempts on plaintiff's life. Plaintiff also contends that at the December 2015 hearing on his motion for resentencing under Proposition 36, the district attorney argued that plaintiff really did intend to murder a peace officer in 2000 despite his acquittal in 2002. Plaintiff is currently serving a sentence of 25-years-to-life for violation of California Health and Safety Code § 11352(a) (transportation of controlled substance), a non-violent offense.

ECF No. 15 at 3-4 (initial screening order).

It appears that on August 14, 2017, plaintiff succeeded in having this information removed from his CDCR file, when CMF Warden Fox granted plaintiff's Appeal Log No. CMF-M-17-01627 on Second Level Review, and ruled in pertinent part:

////

2

> The Appeal Review was able to identify the appellant was not convicted of the charge of assault on Sac County Deputy and was able to delete the statement of ("Assault on a Sac County Deputy (attempted to throw Deputy off of tier)") in the SOMS[1] inmate precautions section due to it not being factual.

ECF No. 1 at 19.

Notwithstanding the court's prior instructions, the FAC only summarily references plaintiff's putative legal claims. Plaintiff has simply listed the "1st, 8th and 14th Amendments," and checked every box on the form portion of the FAC to "[i]dentify the issue[s] involved."[2] ECF No. 19 at 3. It is not the court's responsibility to sift through 314 pages of material to identify the factual and legal bases of claims against 37 defendants at five correctional facilities regarding matters that span two decades. That is plaintiff's burden.

Accordingly, the FAC will be dismissed with leave to file a Second Amended Complaint (SAC) that is **no more than ten (10) pages in length**. The SAC shall be completed on the form complaint provided with this order. **No exhibits are to be filed** – the court will designate the FAC and its exhibits as exhibits to the SAC. The court will also send plaintiff a copy of this court's original screening order, which informs plaintiff of the applicable legal standards for stating cognizable claims. See ECF No. 15.

### III. Motion for a Temporary Restraining Order

In a 49-page motion[3] filed with reference to the FAC, plaintiff asks this court to issue a temporary restraining order (TRO) against "CDCR and its personnel" to enjoin them from continuing to engage in their "long line of actions . . . that show retaliation" against plaintiff that is both "constant" and "unrelenting." ECF No. 18 at 13. Plaintiff identifies retaliation in the form of false RVRs, including false allegations of plaintiff assaulting staff; repeated and prolonged placements in Ad Seg; physical harm against plaintiff by correctional staff; physical harm against plaintiff by other inmates at the direction of correctional staff; and opposition to

---

[1] The Strategic Offender Management System (SOMS) is CDCR's electronic records system.
[2] These options, all checked my plaintiff, identify issues concerning "basic necessities, disciplinary proceedings, excessive force by an officer, mail, property, threat to safety, access to the court, exercise of religion, medical care, retaliation and other." ECF No. 19 at 3.
[3] Plaintiff states that the motion was originally 143 pages long with exhibits, but that prison limitations on copying necessitated the shorter motion. ECF No. 18-1 at 1.

3

plaintiff's petition for resentencing under Proposition 36.  Id. at 1-13.  Although it is unclear, plaintiff's TRO motion may also be directed to the Sacramento County Sheriff's Department and the Sacramento County District Attorney's Office, which pursued the initial charge against plaintiff for attempted murder on a peace office, for which plaintiff was acquitted.  Id. at 1-3. However, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985)

Plaintiff's motion for a TRO is premised on claims of retaliation which are inadequately plead.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate *(2) because of (3) that prisoner's protected conduct,* and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted) (emphasis added).  Filing administrative grievances and initiating litigation are protected activities within the prison context.  Id.  If plaintiff means to claim that defendants' retaliation violated his First Amendment rights, that is not clear from the FAC because he does not identify his own protected conduct; nor does he clearly identify specific defendants in relation to specific retaliatory acts and retaliatory motive.

On the other hand, if plaintiff is contending that defendants retaliated against him based on their false beliefs about him, there may be no cognizable claim.  As this court previously informed plaintiff, prisoners do not have a due process right or Eighth Amendment right to be free from false accusations, and disciplinary proceedings need meet only basic procedural requirements to satisfy due process.  Finally, to state a claim for cruel and unusual punishment, plaintiff must allege that a specific defendant engaged in specifically challenged conduct with a "'sufficiently culpable state of mind.'" Wilson v. Seiter, 501 U.S. 294, 297 (1991); see also Farmer v. Brennan, 511 U.S. 825, 934 (2011).

////

4

Under Rule 65, Federal Rules of Civil Procedure, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party" only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Ex parte relief under Rule 65 is limited to situations where notice to the adverse party would likely prove useless. See Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006) (citing cases). The legal standards for obtaining a temporary restraining order are essentially identical to those for obtaining a preliminary injunction.[4] See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits.'" Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (quoting L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir.1980)). In cases brought by prisoners involving conditions of confinement, any preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

As the undersigned previously found in recommending the denial of plaintiff's first TRO motion, without a viable complaint the court cannot assess plaintiff's likelihood of success on the merits or identify the status quo that plaintiff seeks to maintain. Additionally, as the undersigned previously noted, because CDCR has removed the challenged information from SOMS, it does not appear that plaintiff is likely to suffer additional harm in the absence of preliminary relief.

---

[4] In evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); accord Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009). A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply toward the plaintiff, . . . assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011).

For these reasons, the undersigned recommends that plaintiff's motion for a temporary restraining order be denied without prejudice.

VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint, ECF No. 19, fails to state a claim and will not be served. Plaintiff may file a Second Amended Complaint (SAC) within thirty (30) days after the filing date of this order, subject to the following limits:

    a. The SAC shall be set forth on the form complaint provided with this order;

    b. The SAC shall not exceed ten (10) pages in length; and

    c. The SAC shall include no exhibits – the court will designate the FAC and its exhibits as exhibits to the SAC.

2. Failure of plaintiff to timely file a SAC will result in a recommendation that this action be dismissed without prejudice.

3. The Clerk of Court is directed to send plaintiff, together with a copy of this order: (1) a blank copy of the prisoner civil rights complaint used in this district; and (2) a copy of this court's initial screening order (ECF No. 15).

Additionally, for the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order, ECF No. 18, be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE