Michael L. Smith, P-64019
Name and Prisoner/Booking Number

Richard J. Donovan Correctional Facility
Place of Confinement

480 ALTA ROAD
Mailing Address

San Diego, CA. 92179
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED

APR 23 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LeNOIR SMITH,
(Full Name of Plaintiff)     Plaintiff,

v.

(1) ~~RALPH DIAZ~~ C. SUCHOSKI,
(Full Name of Defendant)

(2) E. BINDER,

(3) H. MARTINEZ,

(4) E. ROSE,
                Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:18-cv-2942 KJM AC (PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☐ Original Complaint
■ ~~First Amended Complaint~~
■ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ■ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: HDSP, SCMJ, AND MCSP

## B. DEFENDANTS

1. Name of first Defendant: **C. SUCHESKI**. The first Defendant is employed as:
   **CORRECTIONAL OFFICER C/O** at **HIGH DESERT STATE PRISON (HDSP)**.
   (Position and Title)                                              (Institution)

2. Name of second Defendant: **E. BINDER**. The second Defendant is employed as:
   **C/O** at **HDSP**.
   (Position and Title)                                              (Institution)

3. Name of third Defendant: **H. MARTINEZ**. The third Defendant is employed as:
   **C/O** at **HDSP**.
   (Position and Title)                                              (Institution)

4. Name of fourth Defendant: **E. ROSE**. The fourth Defendant is employed as:
   **C/O** at **HDSP**.
   (Position and Title)                                              (Institution)

   SEE CONTINUATION

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: **SMITH** v. **BLANAS**
      2. Court and case number: **UNK**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)
         **DISMISSED VOLUNTARILY**

   b. Second prior lawsuit:
      1. Parties: **SMITH** v. **SCHWARZENEGGER**
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **VALLEY FEVER.**
         **RULING IN DEFTS FAVOR**

   c. Third prior lawsuit:
      1. Parties: **SMITH** v. **SACRAMENTO SHERIFFS DEPT**
      2. Court and case number: **2:15-CV-1598 JAM KJN P.**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **PENDING**

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

CONTINUATION B. DEFENDANTS

5. MORGAN GIRE - DEPUTY DISTRICT ATTORNEY, OFFICE OF SACRAMENTO DISTRICT ATTORNEY.

6. RALPH DIAZ - SECRETARY OF CDCR - CDCR HEADQUARTER

7. Y. ANAYA - C/O AT HDSP

8. SGT COLBY - SGT AT HDSP (CURRENTLY)

9. B. STINSON - C/O @ MULE CREEK STATE PRISON (MCSP)

10. COOK - C/O AT MCSP

11. M.E. SPEARMAN - WARDEN HDSP.

12. TILLERY - C/O AT MCSP

13. MONGE - C/O AT MCSP

14. SGT. FELTNER - SGT. AT MCSP

### D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>FOURTEENTH AMENDMENT</u>.

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ■ Retaliation
   - ■ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what each **Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   IN 2013-2016 PLAINTIFF, MICHAEL L. SMITH, WAS ENGAGED IN PROPOSITION 36 PROCEEDINGS FOR HIS NON-VIOLENT CRIMINAL CONVICTION SALES OF COCAINE BASE AND 25 TO LIFE SENTENCE. DURING SAID PROCEEDINGS PLAINTIFF WAS HOUSED AT THE SACRAMENTO COUNTY MAIN JAIL (SCMJ) FROM JUNE 25, 2013 - JULY 31, 2013 AND FROM SEPTEMBER 2013 - JUNE 2015. DURING ALL PROCEEDINGS PLAINTIFF WAS A PRISONER IN THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS (CDCR). PLAINTIFF LEARNED THAT THE CDCR AND SCMJ/SHERIFF'S DEPARTMENT FOR SACRAMENTO COUNTY MAINTAINED IN ITS STRATEGIC OFFENDER MANAGEMENT SYSTEMS (SOMS) ESTABLISHED IN 2012 AND SCMJ LOCATOR CARD, RESPECTIVELY, THAT PLAINTIFF WAS FOUND GUILTY OF ATTEMPTED MURDER OF A SACRAMENTO COUNTY SHERIFF'S DEPUTY ALTHOUGH PLAINTIFF WAS TRIED BY A JURY IN PRO-PER AND ACQUITTED ON DECEMBER 19, 2002. PLAINTIFF WAS DENIED RESENTENCING BECAUSE DEPUTY DISTRICT ATTORNEY MORGAN GIRE ALLEGED IN HIS OPPOSITION AGAINST RESENTENCING THAT ALTHOUGH PLAINTIFF WAS ACQUITTED FROM THE CHARGE THE PEOPLE WOULD INTRODUCE EVIDENCE THAT PLAINTIFF *REALLY DID ATTEMPT TO MURDER DEPUTY ALBEE*. THE COURT RULED IN ITS WRITTEN ORDER IN 2016, THAT PLAINTIFF WAS DENIED RESENTENCING BECAUSE HE ATTEMPTED TO MURDER A DEPUTY. PLAINTIFF WAS HOUSED AT HIGH DESERT STATE PRISON (HDSP) AS OF FEBRUARY 14, 2016 AND HAD BEEN. (SEE CONT. ATTACHED)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   PHYSICAL INJURY BROKEN JAW - SPLIT OPEN HEAD - MENTAL ANGUISH DEVELOPMENT OF PTSD

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

transported to and from HDSP and SCMJ in 2016 for his last two Proposition 36 hearings. On August 14, 2016, HDSP Correctional Officers (C/O) C. Suchoski, E. Binder and H. Martinez surrounded Plaintiff in the dayroom after defendant C. Suchoski accessed the computer in the officers' office while Plaintiff was standing at the window perusing the August 2016 recreation schedule witnessing C. Suchoski showing E. Binder that Plaintiff had an "active precaution" in the Strategic Offender Management System (SOMS) for attempting to throw a Sacramento County Deputy Sheriff over the the second floor tier. Defendant C. Suchoski leaned his right shoulder against to wall and crossed his right ankle over his left ankle. The toe of his right foot pointed at the floor and stated to Plaintiff, without provocation "Don't you ever threaten me!" Plaintiff, bewildered stated that he never threatened C. Suchoski and if he had threatened, Plaintiff would have been permitted to attend dayroom. Defendant E. Binder was standin on Plaintiff's right and had an MK-expandable metal baton in his right hand enclosed in a fist, his baton unexpanded and used like a weight in his fist. C. Suchoski then told Plaintiff to face the window and put his hands behind his back. Plaintiff then produced his medical chrono. showing that he could not "back cuff" behind his back and per doctors orders must be waist chained. Suddenly, E. Binder yelled out "Get down!" while simultaneously swinging his right hand fist enclosed around an MK-baton striking Plaintiff on the left side of Plaintiff's face causing a loud cracking sound and knocking Plaintiff backwards/sidewards and off of his feet where he landed between two rows of wooden benches. C. Suchoski, E. Binder and H. Martinez then began beating Plaintiff

1. ALL OVER HIS BODY WITH KICKS, ELBOWS, FISTS AND SLAPS WHEN
2. C. SUCHOSKI SNAPPED OUT HIS MK BATON AND STRUCK PLAINTIFF
3. ON THE BACK OF PLAINTIFF'S HEAD, WHICH IS CONSIDERED DEADLY
4. FORCE SPLITTING OPEN PLAINTIFF'S HEAD IN TWO PLACES CAUSING PROFUSE
5. SEVERE BLEEDING.    OTHER OFFICERS RESPONDED TO THE SCENE
6. AFTER THE CONTROL BOOTHE OFFICER ENGAGED HIS BODY ALARM.
7. H. MARTINEZ KEPT ORDERING PLAINTIFF TO GIVE HIM HIS RIGHT HAND
8. SO THAT IT COULD BE PLACED IN HANDCUFFS WITH HIS ALREADY CUFFED
9. LEFT WRIST. PLAINTIFF ATTEMPTED TO EXPLAIN TO H. MARTINEZ THAT DUE
10. TO THE NUMBER OF STAFF ON TOP OF HIM. HIS RIGHT HAND WAS TRAPPED
11. UNDER HIS BODY, THE WEIGHT OF THE STAFF ON TOP OF HIM PREVENTING
12. COMPLIANCE WITH THE ORDER, BUT PLAINTIFF COULD NOT OPEN HIS MOUTH
13. TO SPEAK WITHOUT PAIN BECAUSE HIS LEFT JAW HAD BEEN BROKEN BY
14. E. BINDER'S STRIKE TO PLAINTIFF'S FACE WITH THE MK-BATON. LEG SHACKLES
15. WERE THEN PLACED UPON PLAINTIFF'S ANKLES AS VARIOUS C/O'S BEGAN
16. YELLING OUT "STOP RESISTING, STOP RESISTING!" ALTHOUGH PLAINTIFF WAS NOT
17. RESISTING. E. ROSE THEN PUSHED BOTH OF PLAINTIFF'S RESTRAINED
18. ANKLES FOWARDS TOWARD THE BACK OF PLAINTIFF'S HEAD WHILE LAUGHING.
19. PLAINTIFF WAS THEN WAS PLACED ON A BACK BOARD BY MEDICAL STAFF
20. AND HIS HEAD WRAPPED IN MEDICAL BANDAGE AND GUAUZE TO HELP
21. CONTROLL THE BLEEDING OF HIS HEAD, AND PLACE INTO AN AMBULANCE AND
22. DRIVEN TO THE HDSP HOSPITAL.    INVESTIGATIVE SERVICES UNIT
23. (ISU) APPEARED AND ASKED PLAINTIFF WHAT HAPPENED TO HIM AND
24. (C/O MEYS VIDEO/AUDIO RECORDED PLAINTIFF FROM THE SCENE OF THE
25. ATTACK, ONTO THE AMBULANCE AND AT THE HOSPITAL) PLAINTIFF
26. HAVING NEARLY BEEN KILLED BY SAID OFFICERS IN A DAYROOM WITH
27. OVER (60) OTHER PRISONERS WITNESSING THE ATTACK UNDERSTOOD
28. THAT HE COULD BE KILLED AND NOBODY WOULD HELP HIM ANSWERED

ISU THAT HE "MUST HAVE FELL IN THE DAYROOM AND HIT THE BACK OF HIS HEAD ON THE WOODEN BENCH." AT THIS TIME, DR. MIRANDA TOLD PLAINTIFF THAT HE WAS SURE THAT PLAINTIFF'S JAW WAS BROKEN AND THAT HE WAS ORDERING PLAINTIFF TO BE TRANSPORTED TO A CIVILIAN HOSPITAL. AT LEAST TWENTY CUSTODY STAFF WERE PRESENT AND STARING AT PLAINTIFF. AND PLAINTIFF IN FEAR FOR HIS LIFE REFUSED MEDICAL ATTENTION BECAUSE HE WAS AFRAID THAT HE WOULD BE KILLED AND UNDERSTOOD THAT IF HE ACCEPTED MEDICAL TREATMENT PAPERWORK INCRIMINATING S. SUCHOSKI, E. BINDER AND H. MARTINEZ WOULD BE GENERATED AND WOULD PROVOKE THE DEFENDANTS PLAINTIFF KNEW IN HIS MIND THAT HIS ONLY REASONABLE COURSE OF ACTION AT THAT TIME AND IN THE HEAT OF THOSE MOMENTS WAS TO MITIGATE STAFF INVOLVEMENT IN HIS INJURIES TO CALM DOWN THE ROOM FILLED WITH RED-FACED MENACING WHITE MEN. PLAINTIFF WAS PLACED INTO THE ADMINISTRATIVE SEGREGATION UNIT (ASU) AND ISSUED A RULES VIOLATION REPORT (RVR) FOR ATTEMPTED MURDER OF A PEACE OFFICER. ON SEPTEMBER 01, 2016, PLAINTIFF WAS TRANSFERRED FROM HDSP AND TO CALIFORNIA MEDICAL FACILITY (CMF) VACAVILLE WHERE HE WAS DIAGNOSED BY PSYCHIATRIST AS HAVING POST TRAUMATIC STRESS DISORDER (PTSD) AND PRESCRIBED PSYCHOTROPIC MEDICATION AFTER HE BEGAN HAVING NIGHTMARES ABOUT THE INCIDENT, WET PALMS AND LARGE BEADS OF SWEAT DRIPPING FROM HIS ARM PITS WHEN IN THE PRESENCE OF MALE WHITE CUSTODY STAFF, AND PLACED INTO THE ENHANCED OUT-PATIENT (EOP) LEVEL OF MENTAL HEALTH CARE. PLAINTIFF LANGUISHED IN AD/SEG AT CMF-VACAVILLE FOR SEVENTEEN MONTHS UNDER INVESTIGATION FOR ATTEMPTED MURDER OF A PEACE OFFICER. ON ~~NOVEMBER~~ DECEMBER 08, 2017 THE RVR WAS ADJUDICATED AT A TWO HOUR HEARING AND PLAINTIFF WAS FOUND "NOT GUILTY"

1. (SEE RVR EXHIBIT)
2. *PLAINTIFF SUES C. SUCHOSKI, E. BINDER, H. MARTINEZ AND E. ROSE
3. IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES FOR VIOLATION OF HIS
4. 8TH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL
5. PUNISHMENTS AND EXCESSIVE FORCE. FURTHERMORE, PLAINTIFF
6. ASSERTS THAT DEFENDANT E. ROSE'S ACTIONS WERE SADISTIC
7. AND MALICIOUS AND EXCESSIVE.
8.     On January 18, 2018 PLAINTIFF WAS TRANSFERRED FROM
9. CMF-VACAVILLE TO MULE CREEK STATE PRISON WHERE C/O's WHO WERE
10. AT HDSP KNEW OF BUT NOT INVOLVED IN THE HDSP INCIDENT OF
11. WHICH PLAINTIFF WAS FOUND NOT GUILTY OF HAD BEEN TRANSFERRED
12. TO FOR THE PURPOSE OF ATTACKING PLAINTIFF UPON ARRIVAL. C/O's
13. MONGE, TILLERY, COLBY AND OTHERS APPEARED AT THE CAGE WHERE
14. PLAINTIFF WAS BEING HELD IN RECEIVING AND RELEASE DEPARTMENT
15. AND REPEATED THE SAME TACTIC BY ORDERING PLAINTIFF TO "TURN
16. AROUND AND CUFF UP" PLAINTIFF PRODUCED HIS MEDICAL ORDER
17. THAT HE CAN NOT BACK CUFF. C/O MONGE STATED THAT HE DIDN'T
18. CARE ABOUT HIS MEDICAL NEEDS. PLAINTIFF EXPLAINED THAT HE
19. WAS NOT REFUSING TO "CUFF UP" BUT COULD NOT CUFF UP BEHIND
20. HIS BACK BECAUSE OF THE PAIN IN HIS JOINTS DUE TO CONTRACTION
21. OF COCCI (VALLEY FEVER). C/O's MONGE, TILLERY AND COLBY
22. THE OPENED THE CAGE DOOR AFTER PLAINTIFF LAID HIS "WALKING
23. CANE" DOWN ON THE FLOOR OF THE CAGE, AND SAT ON THE FLOOR
24. AND VIOLENTLY YANKED PLAINTIFF OUT OF THE HOLDING CAGE.
25. C/O TILLERY AND MONGE ROLLED PLAINTIFF ONTO HIS STOMACHE
26. AND PLACED LEG SHACKLES ONTO HIS ANKLES. PLAINTIFF WORE
27. DOCTOR PRESCRIBED BI-LATERAL WRIST BRACE THAT COVER HIS
28. HANDS AND EXTEND UPWARDS ALMOST TO THE CROOK OF EACH

FOREARM AND ELBOW. C/O TILLERY SR. LAID ON TOP OF PLAINTIFF THE LEGNTH OF PLAINTIFF'S BODY AND WITH HIS BOOTS PUSHED BACKWARDS ON THE ANKLE RESTRAINTS DOWN TO PLAINTIFF'S FEET CAUSING SEVERE PAIN TEARING AWAY OF SKIN WHILE PRETENDING TO BE TRYING TO PLACE HANDCUFFS AROUND THE BI-LATERAL WRIST BRACES WHEN REGULAR HANDCUFFS, CANNOT FIT AROUND THE BI-LATERAL WRIST BRACES. AS C/O COLBY BEAT PLAINTIFF WITH C/O'S MONGE AND TILLERY. PLAINTIFF WAS WRITTEN AN RVR FOR RESISTING A PEACE OFFICER WHICH FALSELY CLAIMED THAT PLAINTIFF WAS INSIDE OF THE HOLDING CAGE BANGING HIS HEAD ON THE CAGE'S DOOR INJURING HIMSELF AND IN ORDER TO PREVENT FURTHER INJURY TO HIMSELF AND EMERGENCY CELL/CAGE EXTRACTION WAS NECESSARY TO RESTRAIN PLAINTIFF AND ESCORT PLAINTIFF TO THE MENTAL HEALTH CRISES BED. THEIR ACCOUNT USED TO JUSTIFY BEATING PLAINTIFF AS EVIDENCED BY THE FACT THAT PLAINTIFF, IF BEING CELL EXTRACTED TO BE ESCORTED TO THE MENTAL HEALTH CRISIS BED, IS PRECLUDED FROM ANY RVR BEING AUTHORED AGAINST HIM PURSUANT TO CALIFORNIA CODE OF REGULATIONS (CCR) TITLE 15 SECTION (a)(1) thru (4) WHICH USES THE WORD "SHALL" MEANING "MANDATORY." (CCR 3000.5(c)) AFTER THE BEATING PLAINTIFF WAS NOT TAKEN TO THE CRISES BED NOR INTERVIEWED FOR SUICIDAL/HOMICIDAL IDEATIONS WHICH WOULD BE NECESSARILY REQUIRED IF NOT UNTRUE.

*** DEFENDANTS MONGE, TILLERY AND COLBY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES FOR VIOLATIONS OF PLAINTIFF'S 8TH AND 14TH AMENDMENT RIGHTS. PLAINTIFF ASSERTS THAT THE BEATING WAS SADISTIC AND BRUTAL ESPECIALLY GIVEN THE FACT THAT PLAINTIFF WAS A MENTAL HEALTH PATIENT

AT THE HIGHEST LEVEL OF MENTAL HEALTH CARE FOR AN INCARCERATED PRISONER. R&R SARGENT PFIEFFER STATED AFTER THE BEATING "HE SHOULD HAVE EXPECTED IT AFTER ALL HE'S GOTTEN AWAY WITH" SUBSEQUENT TO THE BEATING C/O DEFENDANT COLBY WAS PROMOTED TO SARGENT AND RETURNED BACK TO HIGH DESERT WHERE HE BRAGGED ABOUT THE BEATING TO OTHER HDSP STAFF.

On or ABOUT JULY 12, 2018 PLAINTIFF WAS CHARGED WITH VIOLATION OF PENAL CODE SECTION 4501.5 BY THE LASSEN COUNTY DISTRICT ATTORNEY'S OFFICE AND TRANSFERRED FROM MCSP TO HDSP AND ARRAIGNED. SAID CHARGES ARISING OUT OF THE AUGUST 14, 2016 ATTEMPTED MURDER CHARGE AT HDSP OF WHICH PLAINTIFF WAS ADJUDICATED "NOT GUILTY" OF SOME SEVEN MONTHS PRIOR ON DECEMBER 08, 2017 AS ABOVEMENTIONED. UPON ARRIVAL AT HDSP. LIEUTENANT C. FACKRELL AUTHORED AN ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE STATING THEREIN THAT PLAINTIFF WAS A THREAT TO THE SAFETY AND SECURITY OF HDSP BECAUSE HE WAS AT HDSP / OUT-TO-COURT FOR ATTEMPTING TO MURDER A PEACE OFFICER. UPON READING THE NOTICE, PLAINTIFF CALLED DEFENDANT C. FACKRELL TO HIS HOLDING CELL AND STATED TO C. FACKRELL THAT HE WAS NOT AT HDSP FOR ANY "ATTEMPTED MURDER OF A PEACE OFFICER" BUT FOR "BATTERY OF A NON-CONFINED PERSON BY A CONFINED INMATE" AND THAT THE TITLE 15 CCR SECTION 336 3326 (a)(3) PROHIBITS MENTIONING THE CHARGE IN ANY OTHER DOCUMENTS RELATED TO PLAINTIFF OR FILES. C. FACKRELL THEN STATED "LOOK YOU PUT HANDS ON ONE OF MY OFFICERS, YOU GET WHAT YOU GET AND SMITH I DON'T LIKE YOU!" PLAINTIFF EXPLAINED THAT WHEN OTHER C/o'S SAW THAT LOCK-UP / AD/SEG PLACEMENT

FALSELY ALLEGING THAT PLAINTIFF ATTEMPTED TO MURDER A STAFF MEMBER / PEACE OFFICER AT HDSP THAT HE WOULD BE ABUSED BY CUSTODY STAFF AND NOT LIKED AUTOMATICALLY WHICH PROMPTED C. FACKRELLS RETORT "SMITH I DON'T LIKE YOU...."

** LIEUTENANT C. FACKRELL IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES FOR VIOLATION OF HIS 14TH AMENDMENT CONSTITUTIONAL RIGHTS.

    IN JULY 2018 PLAINTIFF WAS TRANSFERRED BACK TO MCSP FROM HDSP IN BETWEEN COURT DATES BECAUSE HE WAS AN E.O.P. MENTAL HEALTH INMATE. UPON RETURN AND WHILE WALKING BACK FROM BREAKFAST AT THE FACILITY "D" DINING HALL PLAINTIFF WAS BRUTALLY ATTACKED BY INMATE RANDY JACKSON AS A FAVOR TO CUSTODY STAFF AND REWARDED WITH A FAVORABLE TRANSFER FROM MCSP TO A PRISON CLOSER TO HIS FAMILY. PLAINTIFF WAS ISSUED AN RVR FOR FIGHTING AND SUBSEQUENTLY FOUND "NOT GUILTY" BECAUSE INMATE JACKSON BRAGGED TO CUSTODY STAFF ABOUT WHAT HE'D DONE TO PLAINTIFF.

    IN AUGUST 2018 PLAINTIFF WAS TRANSFERRED BACK TO HDSP FROM MCSP FOR COURT APPEARANCES FOR THE P.C.§ 4501.5 CHARGE. THE D.D.A. DON HOW THEN ADDED AN ADDITIONAL COUNT TWO FOR RESISTING A PEACE OFFICER. UPON BEING TRANSFERRED BACK TO MCSP FROM HDSP. INMATE EDWIN VALENCIA ATTACKED PLAINTIFF IN THE DAYROOM FROM BEHIND AND WHILE PLAINTIFF WAS SEATED AT A TABLE WITH INMATE KELVIN GREEN AND STRUCK PLAINTIFF ON THE LEFT SIDE OF HIS FACE AND ON HIS BACK WITH TWO LARGE "ROCK BOULDERS" TIED UP IN A LAUNDRY BAG. CORRECTIONAL STAFF C/O COOK

1. STINSON AND THREE OTHER C/O'S SAT AND WATCHED THE ATTACK
2. PLAINTIFF WAS DAZED AND SAW LIGHTS POPPING ON AND OFF
3. IN THE AIR AROUND HIM AND RAN AWAY FROM THE ASSAILANT
4. YELLING OUT "GET BACK! GET BACK! WHAT ARE YOU
5. DOING" WHILE REGAINING HIS SENSES AND YELLING LOUD
6. SO THAT STAFF COULD SEE THAT INMATE EDWIN VALENCIA
7. WAS USING BOTH HANDS TO SWING A LAUNDRY BAG
8. CONTAINING TWO HUGE BOULDERS AT PLAINTIFF. PLAINTIFF
9. LOOKED AT THE STAFF WHO SIMPLY SAT WATCHING. THE
10. ATTACK OCCURRING. PLAINTIFF THEN ATTEMPTED TO DISARM
11. INMATE VALENCIA AND AFTER SUCCESSFULLY DOING SO, SAID
12. STAFF THEN INTERVENED.
13. PLAINTIFF SUES DEFENDANTS STINSON, COOK, SGT. SHIRLY
14. IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES FOR
15. FAILURE TO PROTECT IN VIOLATION OF HIS 8TH AND 14TH
16. AMENDMENT RIGHTS
17. IN AUGUST 2018, PLAINTIFF WAS AT OUTDOOR
18. RECREATION WHEN THE NEXT THING PLAINTIFF KNEW HE WAS
19. LAYING ON THE DIRT TRACK BLEEDING OUT OF HIS FACE, NOSE
20. MOUTH AND LEFT EAR AS STAFF WOKE HIM UP. PLAINTIFF HAD
21. BEEN UNEXPECTEDLY KNOCKED UNCONSCIOUS BY TWO ASSAILANTS
22. ON BEHALF OF C/O COLBY AND SARGENT FELTNER. PLAINTIFF'S
23. TOP TOOTH WAS KNOCKED THROUGH HIS TOP LIP AND PLAINTIFF
24. WAS NOT PROVIDED ANY MEDICAL CARE AND SELF REPORTED
25. TO MEDICAL WHERE PHYSICIAN DR. JUSTISON ANASTHECIZED
26. PLAINTIFF AND PUT FOUR SUTURES IN PLAINTIFF'S UPPER LIP
27. TO CLOSE THE HOLE. FOR ABOUT TWO WEEKS PLAINTIFF'S
28. VISION WAS BLURRY AND HIS EYES FELT LIKE THEY WERE

moving back and forth rapidly, and believes that he suffered a concussion.

*** DEFENDANTS SGT. FELTNER, SGT. COLBY ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES FOR VIOLATION OF HIS 8TH AMENDMENT RIGHTS.

In October 2018 PLAINTIFF WAS TRANSFERRED FROM MCSP TO HDSP FOR COURT PROCEEDINGS ON ABOVEMENTIONED CRIMINAL CHARGES AND RELEASED BACK TO THE INMATE POPULATION BY WARDEN MARION SPEARMAN WHO PLAINTIFF EXPRESSED THAT PLACING HIM ON HDSP FACILITY "B" WHERE THE C/O'S WERE eg. DEFENDANTS C. SUCHOSKI, H. MARTINEZ, E. BINDER AND E. ROSE WERE AT WAS NOT A GOOD IDEA. HOWEVER WARDEN SPEARMAN EXPLAINED TO PLAINTIFF THAT OVER 300 VIDEO WITH AUDIO CAMERAS WERE NOW INSTALLED AT HDSP DUE TO THE I.G.'s 2015 SPECIAL REVIEW AND IF ANYTHING HAPPENED TO PLAINTIFF, HE WOULD REVIEW THE AUDIO AND THE VIDEO AND THAT IF I SAW ANY OF THE GUARD FOR ME TO TAKE A WIDE BERTH AROUND THEM AND IF THEY DID ANYTHING TO LAY PRONE ON THE GROUND AND PUT MY HANDS BEHIND MY BACK. ON OR ABOUT THAT SAME MONTH C/O ANAYA AUTHORED AN RVR AGAINST ME IN AD/SEG STATING THAT I FAILED TO STAND UP AS IS MANDATORILY REQUIRED THROUGHOUT THE CDCR, AT 4:00 p.m. PLAINTIFF NEVER HAD ANY INCIDENT OF THE SORT HOWEVER AND BECAUSE OF THE VIDEO CAMERAS, LIEUTENANT B. HURLBERT REVIEWED THE VIDEO AND SAW THAT C/O Y. ANAYA HAD COMPLETELY FABRICATED THE VIOLATION GOING INTO DETAIL CLAIMING THAT HE STOPPED AT THE CELL DOOR, FLASHING HIS FLASHLIGHT AND COUNSELLED ME ABOUT

THE IMPORTANCE OF STANDING COURT. P.C. SECTION 118.1 PROHIBITS ANY PEACE OFFICER AUTHORING A KNOWINGLY FALSE REPORT GIVING PLAINTIFF A STATE CREATED LIBERTY INTEREST.

IN DECEMBER 2018, PLAINTIFF WAS ATTACKED AT HDSP BY INMATE WATSON ON BEHALF OF SGT. COLBY WHO WAS NOW A SARGENT AT HDSP. PLAINTIFF WAS ISSUED AN RVR FOR BATTERY ON AN INMATE HOWEVER AND UPON ADJUDICATION OF THE RVR THE VIDEO WAS REVIEWED UPON PLAINTIFF'S REQUEST AND IT WAS SEEN THAT INMATE WATSON STALKED PLAINTIFF BY TRACKING PLAINTIFF AND THEN UPON SEEING WHICH LINE PLAINTIFF STOOD IN FOR MEDICATION APPROACHED PLAINTIFF FOR THE ATTACK SGT. COLBY ORDERED PLAINTIFF TO BE PLACED BACK INTO AD/SEG AND NOT WATSON BUT REWARDED WATSON WITH A JOB & NO RVR.

XX DEFENDANTS SGT. COLBY AND Y. ANAYA ARE BOTH SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES FOR VIOLATIONS OF HIS 8TH AND 14TH AMENDMENT RIGHTS.

EACH TIME PLAINTIFF WENT TO A COURT HEARING HE WAS FORCED TO SIT INSIDE OF A VAN AND INSIDE OF A BUILT IN CAGE FROM 8:30 a.m. - 5:30 p.m. and deprived of food, water and his pain and psychiatric medications a total of 14 appearances. Upon requesting food and water and medication. Plaintiff was told "Plead Guilty" Plaintiff filed a Writ of Mandate notifying The Court and Warden M.E. SPEARMAN AND DENIED ALL RELIEF. SAID CHARGES WERE DISMISSED ON OR ABOUT MARCH 10, 2019

XXX PLAINTIFF SUES WARDEN M.E. SPEARMAN IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES FOR VIOLATION OF HIS 8TH AND 14TH AMENDMENT RIGHTS FOR USING DEPRIVATION OF FOOD AND WATER TO COERCE A GUILTY PLEA. EACH APPEARANCE. PLAINTIFF WAS LEFT IN LEG AND BLACK BOX MECHANICAL RESTRAINTS FROM 8:30 a.m. - 5:30 p.m. ‡

---

(‡) IN PLAINTIFF'S MIND CORRECTIONAL STAFF WERE HAVING PLAINTIFF ATTACKED BY OTHER INMATES TO INSULATE THEMSELVES FROM POTENTIAL LITIGATION AND BECAUSE OF THE CDCR 1030 FORMS HE RECEIVED BEFORE HIS 2019 PAROLE HEARING ALLEGING THAT PLAINTIFF WAS IN POSSESSION OF WEAPONS STOCK, IT IS POSSIBLE THEY HOPED PLAINTIFF WOULD HAVE STABBED THE ASSAILANTS TO HELP THEIR CASE AGAINST PLAINTIFF BECAUSE PLAINTIFF'S CELL WAS NEVER SEARCHED DURING THE TIMES ALLEGED FOR WEAPONS.

## CLAIM II

1. State the constitutional or other federal civil right that was violated: FOURTEENTH AMENDMENT U.S. CONSTITUTION.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   (SEE) WHILE AND DURING PROPOSITION 36 PROCEEDINGS, DEFENDANT MORGAN GIRE, DEPUTY DISTRICT ATTORNEY OF THE SACRAMENTO DISTRICT ATTORNEY'S OFFICE WROTE IN HIS "OPPOSITION AGAINST PROP 36 RESENTENCING" AGAINST PLAINTIFF NOTIFIED THE PRESIDING COURT THAT HE INTENDED TO INTRODUCE EVIDENCE THAT ALTHOUGH PLAINTIFF WAS ACQUITTED FROM THE ATTEMPTED MURDER OF A PEACE OFFICER, THAT PLAINTIFF REALLY DID ATTEMPT TO MURDER DEPUTY ALBEE, WHICH HE NEVER PRODUCED ANY EVIDENCE SUPPORTING HIS CLAIM BUT THE ALLEGATION SUFFICIENTLY PREJUDICIAL ENOUGH TO BE CITED BY THE COURT AS ITS REASON FOR NOT RESENTENCING PLAINTIFF.

   MORGAN GIRE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES FOR VIOLATION OF 14TH AMEND RIGHT TO DUE PROCESS OF LAW. AND THE 5TH AND 6TH AND 8TH AMENDS.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   DEPRIVED OF RESENTENCING — CONTINUED INCARCERATION

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II?  ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?  ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: <u>EXCESSIVE FORCE 8TH AMEND.</u>

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☒ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   ON JANUARY 18, 2018 AND AFTER BEING FOUND "NOT GUILTY" OF THE ATTEMPTED MURDER OF A PEACE OFFICER RULES VIOLATION REPORT, PLAINTIFF WAS TRANSFERRED FROM CALIFORNIA MEDICAL FACILITY VACAVILLE TO MULE CREEK STATE PRISON (MCSP) WHERE NUMEROUS CORRECTIONAL OFFICERS WERE TRANSFERRED TO FROM HDSP AND WERE AT HDSP WHEN PLAINTIFF WAS BEATEN BY C/O'S C. SUCHOSKI, E. BINDER, H. MARTINEZ AND E. ROSE. SEEING THESE C/O'S COMPELLED PLAINTIFF TO SAY TO THE R.N. THAT HE WAS SUICIDAL TO ESCAPE THE BEATING THAT HE FELT WAS COMING. AND WAS PLACED INTO A "STAND ALONE" CAGE IN MCSP RECEIVING AND RELEASE DEPT. C/O'S MONGE, TILLERY, COLBY AND OTHERS AMASSED AND MOVED APPROXIMATELY (10) INMATE WITNESSES FROM A HOLDING CELL HAVING A VIEW OF PLAINTIFF'S STAND ALONE CAGE TO PREVENT THEM FROM BEING AN EYEWITNESSES. C/O MONGE ORDERED PLAINTIFF TO TURN AROUND AND CUFF UP. PLAINTIFF PRODUCED HIS MEDICAL CHRONO ALERTING STAFF THAT HE CANNOT BACK-CUFF BUT HAS A MEDICAL ORDER TO BE WAIST CHAINED. DEFENDANTS MONGE, TILLERY AND COLBY THEN OPENED THE CAGE DOOR AND BEAT UP PLAINTIFF WITH SLAPS, PUNCHES, KICKS... TO HIS BODY AND TOLD THAT AFTER ALL HE'D GOTTEN AWAY WITH (THE ATTEMPTED MURDER RVR) HE SHOULD HAVE EXPECTED THE BEATING. THESE DEFT'S ARE SUED IN THERE INDIVIDUAL AND OFFICIAL CAPACITIES

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   BODILY BRUISING TO FACE, SWOLLEN HEAD, ANKLES AND WRISTS - DEPRIVED OF PSYCHIATRIC CARE ALTHOUGH SUICIDAL AND AT AN ENHANCED OUTPATIENT (EOP) LEVEL OF MENTAL CARE DUE TO PTSD

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

5

## E. REQUEST FOR RELIEF

State the relief you are seeking:
- MONETARY COMPENSATION OF $150,000.00 (ONE HUNDRED AND FIFTY THOUSAND DOLLARS) FOR EXCESSIVE USE OF FORCE; DEADLY FORCE, 17 MONTHS WRONGFULL RETENTION IN AD/SEG, EMOTIONAL STRESS - / $65,000.00 AGAINST, B. STINSON, COOK, AND SGT SHIRLY, SGT. FELTNER PUNITIVE DAMAGES AGAINST DEFT'S C. SUCHOSKI AND E. ROSE FOR SADISTIC AND CRUEL PHYSICAL ATTACK ON PLAINTIFF
- $250,000.00 AGAINST MORGAN GIRE
- $75,000.00 AGAINST C/O MONGE, TILLERY AND COLBY
- $100,000.00 AGAINST SGT. COLBY, WARDEN SPEAROMAN AND Y. ANAYA
- $25,000.00 AGAINST SECRETARY RALPH DIAZ

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 4·13·20
DATE                                    SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6

(E.D. Mich. 1975) (stating "the Constitution is the ultimate expression of the publics interest.")

## POINT 6

### THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c), Fed. R. Civ. P.. However, the Plaintiff is an indigent prisoner and is unable of posting security. The Court has discretion to excuse an impoverished litigant from posting security. *Elliott v. Kiesewetter*, 98 F.3d 47, 60 (3rd Cir. 1996) (stating that the district court has discretion to waive the bond requirement contained in Rule 65(c) of The Federal Rules of Civil Procedure if " the balance of the [] equities weighs overwhelmingly in favor of the party seeking the injunction

### CONCLUSION

For the foregoing reasons, the court should grant the motion in its entirety by prohibiting transferring Plaintiff to any prison where he can be attacked on behalf of Defendants; Referral to Settlement Conference. I, Michael L. Smith, hereby declare under penalty of Perjury and upon information, documentary evidence and belief that the foregoing is true and correct.