1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL LENOIR SMITH,                     No.  2:18-cv-2942 KJM AC P

12            Plaintiff,

13        v.                                   ORDER

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATIONS, et al.,

16            Defendants.

17

18          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

19   U.S.C. § 1983.  On September 17, 2021, the court issued an order extending the deadline to file

20   motions to compel to October 25, 2021.  ECF No. 47.  On November 12, 2021, the court received

21   plaintiff's motion to compel, which reflects that it was submitted for mailing on November 7,

22   2021.  ECF No. 49 at 5.  Even affording plaintiff the benefit of the prisoner mailbox rule, see

23   Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is

24   deemed filed on the date the prisoner delivered the document to prison officials for mailing), his

25   motion is thirteen days late and is not accompanied by a request for leave to file the motion

26   untimely or an explanation as to why he was unable to timely file the motion.

27          The court further notes that while the motion identifies a significant number of responses

28   with which plaintiff takes issue, plaintiff fails to specify how each response or objection is

                                                 1

1    deficient beyond a general assertion that defendants have used "excuses for their failures that the

2    courts have ruled are inadequate."  ECF No. 49 at 2-3.

3
>    The Court does not hold prisoners proceeding pro se to the same
4    standards that it holds attorneys.  However, at a minimum, as the
>    moving party plaintiff bears the burden of informing the court of
>    which discovery requests are the subject of his motion to compel and,
5    for each disputed response, why defendant's objection is not
>    justified.
6

7    Waterbury v. Scribner, No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at *1, 2008 U.S.

8    Dist. LEXIS 53142, at *3 (E.D. Cal. May 8, 2008).  A brief review of the responses provided by

9    plaintiff shows that a number of his requests were responded to despite any objections, and that a

10   significant portion of the responses to the disputed requests for production indicate that no

11   responsive documents exist or could be located or that responsive documents are not in

12   defendants' possession, custody, or control.  Id. at 6-86.  Without further elaboration from

13   plaintiff as to why defendants' responses are deficient or their objections are not justified, he has

14   failed to meet his burden in bringing a motion to compel and the court is unable to evaluate the

15   sufficiency of defendants' responses or the appropriateness of their objections.

16        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel, ECF No. 49,

17   is DENIED.

18   DATED: November 17, 2021

19   _____
>    ALLISON CLAIRE
20   UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

2