UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENIOR SMITH, | No. 2:18-cv-2942 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion for defendants to reconsider participating in the Post-Screening ADR Project and a motion to compel. ECF Nos. 57, 58.

To the extent plaintiff is requesting that defendants reconsider their position on participating in settlement negotiations, the request is not properly before the court. Any further such requests should be directed to defendants' counsel and not filed with the court. Plaintiff is informed that defendants are free to engage in settlement discussions or not. To the extent plaintiff is requesting the court provide defendants another opportunity to participate in the Post-Screening ADR Project, the request will be denied. The Post-Screening ADR Project is designed to facilitate early settlement, before the parties engage in discovery. Discovery in this case has closed, the deadline for filing dispositive motions has passed, and plaintiff's motion for partial summary judgment is currently pending before the court. If the court finds it appropriate, this

1

case will be referred for a settlement conference after the resolution of plaintiff's summary-judgment motion. Plaintiff is free to communicate with defendants' counsel regarding settlement prior to the resolution of his motion for summary judgment—but, again, such communications should not be filed with the court and defendants are not obligated to engage in settlement negotiations.

Plaintiff has also filed a motion to compel an audiovisual recording and photographs, which he asserts that defendants previously agreed to provide. ECF No. 58. The deadline for filing motions to compel expired on October 25, 2021 (ECF No. 47), and plaintiff has failed to explain the lengthy delay in his filing of this motion. Furthermore, based upon discovery responses plaintiff previously filed, defendants denied the existence of any audio and video recordings made by an Officer Mey on August 14, 2016 (ECF No. 49 at 7, 46), and plaintiff has failed to come forth with any evidence that the requested recordings in fact exist. With respect to the request for photographs, the response to plaintiff's request indicates that defendants responded that plaintiff would be permitted to review the photographs without keeping them. ECF No. 49 at 79-80. Plaintiff's assertion that he should be permitted to retain copies of the photographs comes too late and without any explanation for the delay. To the extent he indicates he has not yet been permitted the photographs, counsel for defendants shall ensure that plaintiff has such an opportunity if he has not already.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 57) is DENIED.

2. Plaintiff's motion to compel (ECF No. 58) is GRANTED in part and DENIED in part. Within thirty days of the service of this order, defendants shall ensure that plaintiff has had an opportunity to review the photographs referenced in Response to Request No. 8 of plaintiff's Third Set of Requests for Production (ECF No. 49 79-80) if he has not already done so. The motion is otherwise DENIED.

DATED: August 16, 2022

_allison claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE