UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENIOR SMITH, | No. 2:18-cv-2942 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion to compel discovery. ECF No. 61. The deadline for plaintiff to file motions to compel was October 25, 2021. ECF No. 47.

Plaintiff asserts that his motion, which was filed over ten months after the deadline, is late because he was deprived of his legal documents while he was deemed out-to-court and he was therefore unaware of the deadline. ECF No. 61 at 3-4. Although plaintiff does not provide dates for when he was out-to-court, he states that it was when he was transferred from Mule Creek State Prison to High Desert State Prison. Id. at 3. He further alleges that his mental health status precluded him from filing a timely motion. Id. at 4.

Although plaintiff did not file a notice of change of address in this case, the docket reflects that plaintiff's address changed to High Desert State Prison in January 2019. He was previously

housed at Mule Creek State Prison.  ECF No. 1 at 1.  Plaintiff subsequently filed a change of address on March 21, 2019, stating that he had been moved to California State Prison, Corcoran.  ECF No. 11.  The record further reflects that on March 3, 2020, plaintiff filed a notice of change of address in another case stating that he had been moved to R.J. Donovan Correctional Facility.  There is no indication that plaintiff has been moved since that date, and his motion to compel reflects that he is still housed at R.J. Donovan.  ECF No. 61 at 1.  The discovery and scheduling order in this case was not entered until May 14, 2021 (ECF No. 42), and was modified to extend the discovery deadline on September 17, 2021 (ECF No. 47).  Accordingly, there is no indication that plaintiff's transfer to Mule Creek State Prison would have had any effect on his ability to access the discovery and scheduling order or his ability to file a timely motion to compel.

Furthermore, the record reflects that plaintiff filed a motion to compel and a motion for partial summary judgment on November 12, 2021.  ECF Nos. 48, 49.  On November 17, 2021, that motion to compel was denied on the grounds that it was untimely and did not explain why it was not timely filed and it failed to provide sufficient information regarding why defendants' responses were deficient.  ECF No. 50.  On August 11, 2022, plaintiff filed another motion to compel.  ECF No. 58.  That motion was also denied in part due to plaintiff's failure to explain the delay in filing.[1]  ECF No. 59 at 2.  Based on this record, the court cannot find justification for plaintiff's ten-month delay in filing a motion to compel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 61) is DENIED.

DATED: September 27, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The motion was granted to the extent defendants were required to ensure plaintiff had an opportunity to review photographs he had been told he would have a chance to review.  ECF No. 59 at 2.