UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENIOR SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:18-cv-2942 KJM AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed objections to the October 5, 2022 order denying his motion for appointment of an expert witness. ECF No. 69. Federal Rule of Civil Procedure 72(a) permits a party to object to non-dispositive orders issued by magistrate judges and requires that the district judge "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Plaintiff argues that the magistrate judge's denial of his request was in error because the Federal Rules of Evidence provide for the appointment of an expert witness at defendants' expense. ECF No. 69 at 2.

////

1

      Plaintiff appears to be referring to Federal Rule of Evidence 706, which authorizes the appointment of a neutral expert witness, with expenses shared by the parties. The appointment of an independent expert witness under Rule 706 is within the court's discretion, *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999), and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue," *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). However, as the magistrate judge noted in denying plaintiff's request, the statute authorizing plaintiff's in forma pauperis status does not authorize the expenditure of public funds for expert witnesses, and the federal courts have uniformly held that an indigent prisoner litigant must bear his own costs of litigation, including for witnesses. *See* ECF No. 65 at 1 (citing 28 U.S.C. § 1915; *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987)). Moreover, in this case, it appears plaintiff is seeking to have the court appoint an expert witness to advocate on his behalf, which is not authorized by Rule 706, and even if plaintiff is truly seeking a neutral expert, the court does not find the issues in this case are complicated such that the testimony of a neutral expert would be warranted. The September 28, 2022 order of the magistrate judge is therefore not clearly erroneous or contrary to law and the objections will be overruled.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Plaintiff's objections to the October 5, 2022 order denying his motion to compel (ECF No. 69) are OVERRULED and the October 5, 2022 order is AFFIRMED; and

      2. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED: December 14, 2022.

                                                           CHIEF UNITED STATES DISTRICT JUDGE