UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH, | No. 2:18-cv-2942 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's motion for sanctions. ECF No. 90. For the reasons set forth below, the motion for sanctions is denied.

I. Procedural History

This case was set for a pretrial settlement conference, which was originally set before the undersigned for September 28, 2023. ECF No. 74. The court issued a writ of habeas corpus ad testificandum ordering that plaintiff's custodian produce him on that date. ECF No. 75. On September 25, 2023, the court, on its own motion, rescheduled the settlement conference for January 30, 2024. ECF No. 77. Plaintiff filed a motion to opt out of the settlement conference, ECF No. 78, which the court construed as a motion to expedite, and for another magistrate judge to conduct, the settlement conference, ECF No. 80. The court granted plaintiff's motion and

1

rescheduled the settlement conference for November 28, 2023, before Chief Magistrate Judge Carolyn K. Delaney. Id.  A writ of habeas corpus ad testificandum was issued ordering that plaintiff be produced for the settlement conference. ECF No. 81.  The day before the settlement conference was to take place, defendants filed a motion to reschedule the conference because plaintiff was moved to the administrative segregation unit and the video conference equipment there was not available on the date of the settlement conference.  ECF No. 83-1 at 1.  Finding good cause, the court granted defendants' motion and rescheduled the settlement conference for January 9, 2024.  ECF No. 84.  A writ of habeas corpus ad testificandum was issued ordering that plaintiff be produced for the settlement conference on January 9, 2024.  ECF No. 85.  Plaintiff filed the instant motion for sanctions, ECF No. 90, and defendants opposed the motion, ECF No. 96.  A settlement conference occurred on January 9, 2024, and the case did not settle.  ECF No. 97.

II.     Motion for Sanctions

Plaintiff seeks sanctions against defendants and the Department of Corrections in the amount of $1,500.00 because "this most recent writ of habeas corpus ad testificandum is the court's third" and "Defendants and Warden of RJ Donovan [Correctional Facility]" failed to comply with the two prior writs ordering the custodian to produce plaintiff, and for "wasting Plaintiff's time in the preparation" for the January 9, 2024 settlement conference.  ECF No. 90 at 1-2 (formatting omitted).  Plaintiff also seeks sanctions against defendants and the warden of RJ Donovan in the amount of $500.00 for failing to produce plaintiff, and "wasting Plaintiff's time in preparing," for the "second" settlement conference that was scheduled for November 28, 2023.  Id. at 2.  Further, plaintiff requested that the court order plaintiff to remain at RJ Donovan until after the January 9, 2024 settlement conference.  Id. at 4.

Defendants opposed the motion, arguing that one of the writs was issued for a settlement conference that was rescheduled on the court's own initiative, and the other writ was issued for a settlement conference that had to be rescheduled because plaintiff was moved to administrative segregation and the video-conference equipment there was unavailable for the day of the

////

settlement conference.¹ ECF No. 96 at 2. Defendants argue that these are not grounds for sanctions. Id. Defendants also state that they are not employed at RJ Donovan and the writs of habeas corpus ad testificandum were directed at plaintiff's custodian, not the defendants. Id. at 3.

### III. Legal Standard

Federal courts possess broad powers to impose sanctions against parties or counsel for improper conduct during litigation. The Local Rules of the Eastern District provide wide latitude to the court with regard to sanctions—under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Additionally, the Federal Rules of Civil Procedure contemplate sanctions under rule 16 for "fail[ure] to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). "On motion or on its own, the court may issue any just orders . . . ." Fed. R. Civ. P. 16(f)(1).

Courts also have the "inherent power to levy sanctions, including attorneys' fees, for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001) (quoting Roadway Express, Inc. v. Pipe, 447 U.S. 752, 766 (1980)). Under the court's inherent power, sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad faith." Id. at 994.

### IV. Analysis

Plaintiff requests sanctions against defendants and the warden at RJ Donovan for failing to produce plaintiff for two settlement conferences as ordered in the writs of habeas corpus ad testificandum. However, the September 28, 2023 settlement conference was rescheduled to January 30, 2024 by the court, and not by defendants. ECF No. 77. Further, the November 28, 2023 settlement conference was rescheduled upon motion by defendants and a finding of good cause by the court. ECF No. 84. There is no evidence of bad faith by defendant or that they failed to comply with a court order. See Fed. R. Civ. P. 16(f); Fink, 239 F.2d at 991. Moreover,

---

¹ Defendants assert that inmates in administrative segregation are required to use the video-conference equipment in that unit for security purposes. ECF No. 96 at 2.

as defendants noted, they did not have control over whether plaintiff was produced for the settlement conference, as the writ of habeas corpus ad testificandum were directed to plaintiff's custodian, not to defendants. See ECF Nos. 75, 81. The difficulties in scheduling the settlement conference, and repeated rescheduling, were doubtlessly inconvenient for all parties. They were not, however, defendants' fault. Therefore, the motion for sanctions will be denied.

Plaintiff also requests that the court order him to remain at RJ Donovan until the settlement conference occurs. ECF No. 90 at 4. Since the settlement conference occurred on January 9, 2024, this request is now moot.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for sanctions, ECF No. 90, is DENIED.

DATED: June 14, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4