UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENIOR SMITH, | No. 2:18-cv-2942 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. He has been appointed counsel for the limited purpose of assisting him with preparing for and participating in the upcoming settlement conference, but is otherwise proceeding pro se. ECF No. 107.

Plaintiff has filed a motion for leave to submit a second motion for summary judgment and for sanctions against defendants for failing to produce him for the settlement conference originally scheduled for January 23, 2025. ECF No. 115. He requests that he be granted leave to file another motion for summary judgment because the previous motion sought summary judgment against only some of the defendants and he did not properly support his motion with evidence, such as defendants' interrogatory responses. Id. The deadline for filing dispositive motions, including motions for summary judgment, expired over three years ago on January 17,

1

2022 (ECF No. 47), and plaintiff's previous motion was denied on December 15, 2022 (ECF No. 70).  Plaintiff provides no explanation for his failure to move for summary judgment against all defendants or to support his prior motion with evidence, much less an explanation that would justify his excessive delay in seeking leave to file a second motion.  The motion for leave to file a second motion for summary judgment will therefore be denied.

In his motion, plaintiff also requests sanctions against defendants for failing to produce him for the settlement conference originally scheduled for January 23, 2025.  ECF No. 115 at 2-4.  That settlement conference was rescheduled due to difficulties in scheduling a meeting between plaintiff and his limited-appointment counsel prior to the settlement conference.  ECF No. 112.  There was no failure by defendants to produce plaintiff.  The settlement conference is currently scheduled to take place on April 4, 2025, and an order for plaintiff's appearance will issue separately from this order.

Finally, plaintiff states that it has come to his attention that defendant Tillery is now deceased.  ECF No. 115 at 4.  The court notes that no formal notice of suggestion of death has been entered on the record or been served on parties and nonparties as required by Federal Rule of Civil Procedure 25(a).  See Gilmore v. Lockard, 936 F.3d 857, 865 (9th Cir. 2019) (Fed. R. Civ. P. 25(a) requires both a formal suggestion of death on the record and service of the notice (quoting Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994))).  Defendants shall therefore be required to confirm whether defendant Tillery has passed away, and if he has, file a formal notice of suggestion of death which will trigger the ninety-day deadline for substituting a proper party for Tillery.  Id. at 866-67 (the party responsible for identifying the decedent's successor is the party who is in the best position to do so and ninety-day deadline did not trigger where attorney general's notice of death was not served on any nonparties and did not identify any nonparties).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a second motion for summary judgment and for sanctions (ECF No. 115) is DENIED;

2. Within thirty days of the filing of this order, defendants shall confirm whether defendant Tillery is deceased, and if he is deceased they shall file and serve a formal notice of

suggestion of death as required by Federal Rule of Civil Procedure 25(a);

3. A notice of suggestion of death must identify defendant Tillery's personal representative or successor in interest;

4. If a notice of suggestion of death is filed, plaintiff must move to substitute defendant Tillery's personal representative or successor in interest within ninety days of the filing and proper service of the notice of suggestion of death as required by Federal Rule of Civil Procedure 25(a)(1). Failure to do so will result in a recommendation that the claims against defendant Tillery be dismissed.

DATED: February 28, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3